## Green and others *vs.* Hicks.

Under the usual order of reference to a master to appoint a receiver, in a creditor's suit, the complainant is not authorized to examine the defendant for the mere purpose of ascertaining whether he had not made a fraudulent assignment of his property, previous to the commencement of the suit; unless such property is still in the possession or under the control of the defendant.

Whether the receiver himself has the power, under such an order, to examine the defendant, or any other person, as a witness to establish the fact of such a fraudulent sale or assignment ? *Quære.*

Where the property, alleged to be fraudulently assigned, by the defendant, is not in his possession or under his control, so as to make it his duty to deliver it up to the receiver, and to leave the fraudulent assignee or grantee to come in and be heard *pro interesse suo*, the proper course for the complainant is to make the grantee or assignee a party to the suit; so as to have the receivership extended to him.

Form of the order of reference to a master to appoint a receiver, in a creditor's suit, where the defendant appears, but does not give the consent mentioned in the 191st rule.

Under such an order, the complainant is not authorized to examine the defendant, or any other person, as to matters not relating to the appointment of the receiver, or to the ascertainment of the possession, nature, situation, value, character or other particulars of the property which is to be assigned to the receiver, or to be delivered to such receiver by the defendant.

What questions the defendant is bound to answer, on his examination before a master, upon an order of reference to appoint a receiver, in a creditor's suit. And what property he may be directed, by the master, to assign and deliver over to the receiver.

This was an appeal from the decision of the vice chancellor of the fourth circuit, denying the application of the complainants for a further examination of the defendant before the master, on a reference upon a judgment creditor's bill. The order of reference, after directing the master to appoint a receiver of the debts, property, equitable interests and things in action of the defendant, at the time of filing the bill, on the 27th of June, 1845, and to take from such receiver the usual security, required the defendant to assign, transfer, and deliver over to such receiver, upon oath, under the direction of the master, all his property real and personal and all contracts for the purchase of land, and all other equitable interests, things in action, and other effects which belonged to, or were held in trust for such defendant, or in which he had any beneficial interest, at the time of

exhibiting the bill of complaint, except such articles of personal property as were exempted by law from sale on execution, and except also where such trust had been created by, or the fund so held in trust had proceeded from some person or persons other than the defendant; and that the defendant should deliver over in like manner, all books, vouchers, and other evidences relating thereto. The order also contained a provision, that the *receiver* should have full power and authority to inquire after, receive, and take possession of all such property, debts, equitable interests, things in action and other effects; and for that purpose to examine the defendant, and such other persons as he might deem proper, on oath, before the master, from time to time as he might deem necessary. But it contained no provision authorizing the complainants, or any other person except the receiver, to examine witnesses before the master, in relation to the subject matter of the reference; or to examine the defendant himself as to any other matter, except as to the assignment and delivery of the property, effects, and choses in action which belonged to him, or in which he had a beneficial interest at the time of filing the complainant's bill.

The defendant was summoned before the master, upon this reference, on the application of the complainants, to be examined under oath, and to discover. assign, and deliver over to the receiver, the property and effects of the defendant. To the general question, what property he had at the time of the filing of the bill of the complainants, the defendant answered that he did not know that he had any. He subsequently admitted, however, that he had a watch, two swine, and a small case of surgical instruments; which was all the property he had, to his knowledge, except ordinary wearing apparel. In answer to a subsequent question, whether he had any mortgaged property at the time of filing the bill, he admitted that he had such property of the value of more than $200, which did not include the watch and case of surgical instruments and swine; and that it was in his possession at the time of filing the bill, and most of it was then in his possession. But the master decided that the defendant was not bound to tell when, or for what, the mortgages were

given.   The defendant was afterwards cross-examined by his own counsel, however, although objected to by the counsel for the complainants, and he stated that he should think the mortgaged property would not be worth more than the amount of the incumbrances thereon, to a purchaser.   But the amount of the mortgages was not disclosed.   The master also decided that the defendant was not bound to answer whether he had, subsequently to the time of filing the bill, disposed of any of the property which was in his possession at that time.   The complainants' counsel also proposed to inquire of the defendant what property, real or personal, and debts, he owned or had due to him shortly before the filing of the complainants' bill, and if any, how they had been disposed of?   And he also stated to the master that one object of such inquiries was to ascertain what property the defendant had at the time of filing the bill; and that another object was to ascertain the validity of any assignment or transfer, which had been made, in order to give the receiver information, to enable him to recover the property, if such assignments or transfers were invalid.   But the master decided that the defendant was not bound to answer any question as to the state of his property previous to the filing of the bill, or how it had been disposed of.

*E. F. Bullard*, for the complainants.   I. Under the order of reference the defendant was bound to deliver over to the receiver all property which he had in his actual possession at the time of filing the bill.

II.   The receiver had full power and authority to inquire after and receive, and take possession of, all property of the defendant, notwithstanding he had made a fraudulent assignment of it to a third person.   And he might bring trover or replevin against the fraudulent assignee for holding such property.   But we admit that the defendant could not be compelled to deliver over such property.

III.   For the purpose of making such inquiry and discovery, the receiver has the right to examine the defendant and other persons as witnesses.   The testimony of the defendant is the

best evidence to enlighten the receiver; and he is presumed to know more than other witnesses. The master limited the inquiries, to be made of the defendant, to property which he had in his actual possession; and would not allow him to disclose any fraudulent assignments. The vice chancellor thinks the master was right in the restriction, and cites 8 *Paige*, 569, 583. In *Browning* v. *Bettis*, (8 *Paige*, 568,) the order appointing the receiver restricted the delivery of the property to what the defendant admitted he had. The complainants appealed from that part of the order containing the restriction; which was the only question arising in that case. It was only a question in regard to the form of the order. In *Copous* v. *Kauffman*, (8 *Paige*, 584,) the decree was against an idiot or lunatic, and did not direct even an assignment; much less an examination on oath. This case does not pretend to touch the point relied upon by the vice chancellor. *Hudson* v. *Pletts*, decided in August, 1844, which is relied upon by the defendant's counsel, does not reach this case. In that case the examination had been completed; and the court held that a master could not compel a second examination without a special order. The court also held that the master could not compel him to be re-sworn; also that even if the examination had not been closed the defendant could not be inquired of in relation to notes or other choses in action which had been delivered to the receiver and sold by him. In the present case the examination was never completed or allowed to be. *Nesmith* v. *Halstead*, decided in August, 1845, was an appeal from an order of referees, as to the regularity of the entry, and the form of, the order. But the question as to how far the defendant may be a witness did not arise.

In all the cases cited by defendant, the court only decide that the defendant can only be required to execute the assignment if he swears he has no property in his possession or under his control. In other words, they decide that the defendant shall not deliver what he has not got, and that he shall not do that which it is physically impossible for him to do. But the defendant may be a witness to show the receiver what property he has fraudulently disposed of; and this he can do, both physically and

Green *v.* Hicks.

morally. If the defendant is honest, and has been so, he cannot object to disclose to the receiver what assignments he has made. *Fitzburgh* v. *Everingham,* (6 *Paige,* 29,) is a case in point, and decides that a master may examine witnesses for the purpose of ascertaining whether there is property in the hands of other persons ; to enable the receiver to take the necessary steps to recover such property. This case does not say that the defendant is not a proper witness for that purpose. We insist he is a proper witness, and the best and only evidence which can be reached.

IV. The master erred in not allowing the complainants to inquire whether the defendant, since the filing of the bill, had disposed of any property which was in his possession at that time. If the defendant had answered that he had put property out of his hands after the filing of the bill, we should have asked the master to make an order directing him to deliver over and restore such property. Thus if he had buried money or other valuable thing, it would be but disposing of it ; and if he did not bring it back and deliver it over under the order of the master, the court would punish him.

V. The master erred in regarding or in allowing objections made by counsel. The privilege of refusing to answer is a personal right of the defendant; and although his counsel can advise him that he is not obliged to answer, yet they cannot object for him.

VI. The master erred in permitting a cross-examination of the defendant.

VII. The examination was not allowed to be gone into sufficiently, in regard to what property the defendant had in his possession or under his control.

*P. Cagger,* for the respondent.

THE CHANCELLOR. The order of reference in this case did not authorize the complainants to examine the defendant for the mere purpose of ascertaining whether he had made a fraudulent assignment of his property previous to the commencement of

this suit, unless such property was still in the possession or under the control of the defendant, so that he could be lawfully required to deliver it over to the receiver, under the direction contained in the order. It is true the order contains a provision that the *receiver* may examine the defendant, and such other persons as he may deem proper, on oath, before the master; in the execution of his duty, to inquire after, receive and take possession of the property, equitable interests, and things in action, which belonged to the defendant, or were held in trust for him, or in which he had any beneficial interest, at the time of filing the bill of the complainants. But the proceeding before the master in this case, was not on the application of the receiver, to enable him to discharge his duty under that part of the order of reference. It was a proceeding by the complainants, under the previous clause of the order which required the defendant to assign and deliver over his property and effects, upon oath, under the direction of the master. Under that clause of the order, the complainants were properly the actors, and had the right to see that the order was complied with on the part of the defendant. And they had also the right to interrogate the defendant for the purpose of ascertaining what property or effects that belonged to him, or in which he had any interest, at the time of filing the bill, were in his possession, or under his control.

It is, at least, doubful, whether the receiver himself had the power, under any clause of this order, to examine the defendant, or any other person, as a witness, for the mere purpose of ascertaining whether the defendant had not made a fraudulent sale of his property previous to the filing of the complainants' bill. There is no statutory provision authorizing such a receiver to set aside, or avoid such a sale; where the defendant himself, at the time he was directed to assign to the receiver, would not have had the right to do so. The statute only makes the fraudulent sale or transfer void as to the creditors who are intended to be defrauded. And where the property is not in the possession of the defendant, so as to make it his duty to deliver it up to the receiver, leaving the fraudulent assignee, or grantee, to come in and be heard *pro interesse suo*, the proper course for

the complainant is to make the grantee, or assignee, a party to his suit; so as to have the receivership extended to him. (*Cassileur* v. *Simons,* 8 *Paige's Rep.* 273; *Edmeston* v. *Lyde,* 1 *Idem,* 637.) The order of reference in this case, although it appears to be a printed form, is not drawn in conformity to the principles settled by this court in the case of *Hopkins* v. *Wemple,* in 1838, which are briefly referred to in *Browning* v. *Bettis,* (8 *Paige's Rep.* 571.) The rules of the court make ample provision, and prescribe the substance of the order or decree, where the defendant suffers the bill to be taken as confessed against him, for want of appearance; or where he gives a written consent, in the form prescribed by the 191st rule. But no directions are contained in the rules, as to the form of the order of reference to appoint a receiver, upon a creditor's bill, where the defendant appears but does not give the consent mentioned in the 191st rule. The general powers and duties of such receivers are indeed prescribed in some of the rules of the court, and the order need not therefore specify any of such powers or duties. The order, in cases which are not specifically provided for in the 191st rule, should be so drawn as to allow the complainant to have a proper receiver appointed; and so as to enable the master to ascertain the amount and sufficiency of the security to be taken from such receiver. It should also be in such form as to enable the complainant, under the direction of the master, to compel the defendant to assign, and deliver over to the receiver, all the property, effects, and choses in action that belonged to him, or in which he had any beneficial interest, at the time of the commencement of the suit; and which are still in his possession, or under his control, so that it is in his power to comply with the order of the court to deliver them to the receiver. To effect these several objects, the complainant should have the power to examine the defendant, and other persons, on oath before the master, as to any fact, or matter, which properly arises upon such reference. Thus; to enable the master to determine the amount of the bond and security which is to be given by the receiver, it is necessary that he should ascertain the probable amount of the fund which will come into his

hands as such receiver. And for this purpose, the complainant should, by the order, be authorized to examine the defendant and others upon oath, not only as to the nature and value of the property which is actually in the possession and under the control of the defendant himself, but also of that in which he had an interest at the time of the commencement of the suit; although it may, at the time of such examination, be in the hands or under the control of others, so that the defendant himself cannot be required to deliver it to the receiver. But after the receiver has been appointed, and has given the requisite security, all that the complainant has a right to ascertain, either by the examination of the defendant, or others, upon the reference, is as to the nature and particulars of the property, &c. of which the defendant has the possession or control; or of which he had such possession, or control, at the time to which the order of reference relates. For the whole object of this part of the examination, and of the proceedings before the master, on the part of the complainant, is to enable the master to decide and direct what property the defendant shall assign and deliver to the receiver, or shall authorize the receiver to take possession of, so far as the defendant himself is able to give such authority.

The order of reference, therefore, in cases not provided for by the 191st rule, should authorize the master to appoint a receiver of all the property, equitable interests, things in action and effects, which belonged to, or were held in trust for the defendant, or in which he had any beneficial interest, at the time of the commencement of the suit, except such articles of personal property as are exempt by law from sale on execution against such defendant; and direct him to take from such receiver the requisite security for the faithful performance of his trust. It should then require the defendant to assign to such receiver, under the direction of the master, all such property, equitable interests, things in action and effects, or such parts or portions of the same as are in his possession, or under his power and control. And such order should also direct that the complainant have leave to examine the defendant or any other person on oath, before the master, for any of the purposes of the reference; and also to compel the produc-

Green *v.* Hicks.

tion of such books and papers as the master may deem necessary. Under an order thus framed, the complainant's solicitor will be able to obtain from the defendant in the suit, and from other persons whom he may think proper to call before the master as witnesses, any information in their power which is relevant to the subject matter of the reference. But he will not be authorized by such an order to examine the defendant, or any other person, as to other matters which have nothing to do with the appointment of the receiver, or with the ascertainment of the possession, nature, situation, value, character, or other particulars, of the property, which is to be assigned to the receiver, or to be delivered to him by the defendant.

The order, in the present case, does not in terms authorize the examination of third persons as witnesses, before the master, upon the application of the complainants, as to the property which the defendant is directed to assign and deliver over to the receiver. Yet it is undoubtedly sufficient to authorize a full examination of the defendant himself on that subject. The defendant, therefore, was not only bound to answer the direct question, what property, equitable interests, and things in action, and effects, he owned or had a beneficial interest in, at the time specified in the order of reference, but every other question which might indirectly aid in the ascertainment of the fact as to what property was owned by him at the time of the commencement of the suit, or what property was then held by others, in which he had any beneficial interest. And he was also bound to answer and disclose whether such property was in his possession, or under his control, at the time of such examination, so as to be the proper subject of an order or direction of the master that he should deliver the same to the receiver. It is not sufficient, then, that the defendant should answer generally that he had no property, or no property other than that specified by him in his answer to the general question. For, upon a more minute and particular examination of the facts, it may turn out, as it did in the present case, that the defendant's general answer was erroneous ; that he was under a mistake in supposing that he had no property at the time of the commence-

ment of the suit, as he stated in answer to the complainants' first question ; and that he was also under a mistake in supposing that he had no other property except the particular articles mentioned in his answers to the fourth and fifth questions propounded to him. One way of ascertaining whether the defendant had property, or any interest in property, at the time of filing the complainant's bill, is by inquiring what property he had shortly previous to that time, and what has become of it. And if the defendant answers that he had sold it, absolutely, before the commencement of the suit, he may be asked what was the consideration of the sale, and how it was paid or secured ; for the purpose of ascertaining whether the proceeds of the sale, or some part thereof, were not in his hands, or still due to him, at the time of filing the bill, or at the time when he was required, by the order, to assign and deliver over his property to the receiver. But if the defendant shows that the property had been absolutely sold or assigned and paid for, or that the payment thereof was provided for previous to the filing of the creditor's bill, the complainant is not at liberty to question the defendant as to the object and motive of such sale or assignment ; for the mere purpose of ascertaining whether it was not intended to defraud creditors. Such an inquiry is irrelevant to the purpose of the reference. For the defendant himself, in that case, has no interest in, or control over, the property which is not in his possession ; and he cannot, therefore, be required to deliver it to the receiver, under the order.

In the present case, many of the questions propounded to the defendant, and overruled by the master, were proper ; for the purpose of ascertaining what property, if any, the defendant held such an interest in, or control over, as to make it the legitimate subject of assignment and delivery to the receiver, under the order of the court. Particularly, the defendant should have been required to answer what property he had shortly previous to the filing of the bill ; and if he had any, what had become of it ; and if he had sold it, how it had been paid for, or whether the purchase money was still due to him ; and if paid for, what had become of the proceeds of the sale, &c. He should also have been required to answer whether he had disposed of any prop-

erty which was in his possession at the time of filing the complainants' bill; and if so, what property; and what interest he had in such property at the time of the filing of the bill; and what had become of the proceeds of the sale thereof.   And he should have been required to state the particulars of the mortgages of the property which he owned and had possession of at the time the bill was filed, and of the amount still remaining due thereon; instead of stating his belief merely, that the property mortgaged was not worth more than the amount of the incumbrances, without stating what that amount was, and when it was due and payable.   He should also have been directed, by the master, to assign such mortgaged property to the receiver, if he had not already done so; and to deliver up to the receiver so much thereof as still remained in his possession, or under his control, to enable the receiver to pay up the mortgages and redeem the property if he thought proper to do so, or to sell the same subject to what was due upon the mortgages.

The order appealed from must, therefore, be reversed; and the application for a further examination of the defendant, upon the principles above stated, must be granted.   And the complainant's costs upon this appeal, as well as upon the application to the vice chancellor, must abide the event of the suit.