## Harris *vs.* Palmer and Butterfield.

*A judgment will not be ordered to be set off against another, on motion, unless it is a judgment which is conclusive upon the defendant therein, and which the plaintiff has a clear right to enforce.*

*The subject matter of the set-off must be clear and indisputable, and conclusive upon the party, and must have passed the ordeal of a judicial determination, in a case where the court had acquired jurisdiction of the party, either by his appearance, or by personal service of process upon him.*

Motion to set off a judgment. Previous to September, 1845, and in that year, Palmer sold Harris the wood work of a wagon. In September, 1845, Palmer sued out an attachment before a justice, against Harris, which was executed by the defendant Butterfield, a constable, who levied the same by Palmer's direction, on a wagon, the wood work of which was the same above mentioned; and upon return of the attachment, on the 19th of September, 1848, Palmer obtained a judgment against Harris for $36,26, for a balance due him for the same wood work. The attachment was served personally on Harris. The wagon was sold by virtue of an execution issued on the judgment against Harris, for a sum sufficient to satisfy it. Shortly afterwards, and in September, 1845, Harris sued Palmer and Butterfield before a justice, in an action of trespass for taking the same wagon, and recovered a judgment. Palmer and Butterfield appealed to the court of common pleas of Ontario county, where a judgment was rendered against them for $104,97 in favor of Harris; upon which, at the time of making this application, an execution was in the hands of the sheriff of Ontario county, and Palmer asked to set off his judgment in the attachment suit against the one in Harris' favor in the common pleas.

*John C. Strong*, for the motion.

*D. Stephenson*, opposed.

Vol. V.                    14

Harris *v.* Palmer.

WELLES, J.  The judgment sought to be set off was satisfied by the sale of the wagon.  But as that satisfaction was produced by the sale of the same property, for the levying upon and sale of which the recovery was had by Harris, Palmer insists that it is in reality no satisfaction.  That although his judgment was nominally satisfied, for the time being, yet as a judgment has been recovered against him and the constable, for the value of the property which produced the satisfaction, equity requires that his judgment in the attachment suit should be regarded as still open and unsatisfied, for the purpose of this application, to avoid the unjust result of Harris' getting the pay for his wagon twice; once by way of paying the judgment against him, and once by collecting the judgment in his favor in money, recovered for its value.

The practice of setting off judgments on motions has grown out of the equitable powers of the court, and its equitable jurisdiction over its suitors.  In the exercise of those powers the courts have adopted certain rules by which they will be governed.  One is that they will not direct a set-off unless the party applying has obtained a judgment; (6 *Cowen,* 598.  10 *Wend.* 615;) and it must be a judgment which is conclusive upon the party.  Hence a set-off of a judgment before a justice, obtained upon an attachment, where the defendant did not appear, will be denied; (6 *Cowen,*598;) though now probably the judgment would be set off, if the attachment was personally served on the defendant.  (*Sess. Laws of* 1831, *ch.* 300, §§ 36, 37, 38, 39.)  The spirit of the rule seems to be, that the subject matter of the set-off must be clear and indisputable, and conclusive upon the party, and must have passed the ordeal of a judicial determination in a case where the court had acquired jurisdiction of the party, either by his appearance or by personal service of process upon him.  In the present case the judgment sought to be set off is before a justice of the peace; and upon his docket appears to be, and is in fact satisfied; and I do not see but he would be a trespasser by issuing an execution upon it on which the defendant's property should be taken.  If it was in a court of record, perhaps the court would have the power, upon a proper

Harris *v.* Palmer.

application and sufficient facts appearing, to vacate the satis-faction and order an execution. But no such power resides in a justice's court; and the only way to test the plaintiff's right to enforce the judgment is to bring a new action upon it, when perhaps it would be competent for him, in answer to the proof of satisfaction by the levy and sale, to show the facts which he contends he has established on this motion. (*See Piper* v. *El-wood,* 4 *Denio,* 165.) If he would not be permitted, or should not be able, to make such proof, then clearly he ought not to be allowed to set it off here; for, as before remarked, the right to set off on motion depends upon the party having a demand in judgment which he has a clear right to enforce.

It does not appear upon what ground Harris recovered the value of the wagon. It must have been that there was some-thing illegal on the part of the plaintiff in the attachment suit; or that Palmer and Butterfield neglected to make the necessary proof of the proceedings on the attachment. We can imagine a variety of reasons, but it is difficult to conjecture how those proceedings could all be regular and legal, and not form a good defence in the other case. Upon the whole, I am constrained to say that as the facts now appear there is too much doubt of the right of Palmer to enforce his judgment, to allow it to be set off against the one in favor of Harris.

The motion is therefore denied; but as the question, in some of its aspects, is somewhat new in practice, no costs are allowed for opposing.