Robertson, J.
This is an action brought by a Beceiver of the defendant, Egerton, appointed in another court on supplementary proceedings on a judgment against him, to set aside a fraudulent conveyance. It seems to be settled too long to be questioned, that a Beceiver in such case, acquires more than the interest of the judgment debtor; he takes the place of the judgment creditor; indeed becomes, in law, the assignee of both their interests, for the benefit of the latter. (Porter v. Williams, 5 Seld., 142; Gillet v. Moody, 3 Comst., 479; Talmage v. Pell, 3 Seld., 328; Curtis v. Leavitt, 15 N. Y. R., 12.) Formerly he was only assignee of the debtor. (Green v. Hicks, 1 Barb. Ch., 314; 8 Paige, 273; 1 Id., 637.) The origin of the change is not very clear, but at any rate the Beceiver must now be considered as representing the plaintiff, at whose instance he was appointed, particularly to set aside a fraudulent deed to a third party.
The general rule undoubtedly is that a Beceiver in an action cannot appoint, as his attorney, the attorney of either party, the reason of which is stated to be that he thereby assumes inconsistent duties. (Ryckman v. Parkins, 5 Paige’s Ch. R., 545; Wilson v. Poe, 1 Hogan, 322.) If the parties do not object, however, a stranger cannot. (Warren v. Sprague, 11 Paige, 200.) It is very evident that a judgment debtor is not a necessary party to an action to set aside a conveyance as fraudulent against third parties, as he has no interest. In this case, perhaps, it was more necessary to make him a party, as his wife is claimed to be a fraudulent grantee.
If costs are not to be decreed against a Beceiver, when unsuccessful, although he only represents the plaintiff in the judgment, it undoubtedly would lead to great abuses; as experimental suits on supplementary proceedings might *686 be used merely to harass and vex third parties. The 317th section of the’Code of Procedure directs costs against trustees of an express trust to be chargeable only on the fund in their hands, unless they have been guilty of mismanagement or bad faith. It ought to be considered conclusive evidence of bad faith under that section, if they have no funds in their hands, to pay the costs of the successful party whom they have vexed by unnecessary actions; and the protection of such parties must be found in that. I regret that the rule, as established, does not compel Beceivers, in cases like the present, to employ a different attorney from that of him, at whose instance he was appointed.
As the question is new, the motion must be denied, without costs.