Sedgwick, J.
The case of Columbian Ins. Co. v. Stevens (37 N. Y., 536), determines that a receiver of an insolvent insurance company, appointed by the supreme court, is a person liable for costs, under the provisions *256 of section 321, in an. action in which the cause of action becomes his property, after the commencement of the action, in the same manner as if he were a party. The assignee in bankruptcy here, becomes the owner of the cause of action, in the same way, and becomes liable under that section, unless there is some provision of the bankrupt act which prevents the application of the Code in this respect. This, however, is not claimed by the counsel for the assignee. Where a party submits himself to the jurisdiction of a court, he submits himself to all orders of the court made in the exercise of that jurisdiction.
It must then be ascertained what would be the liability for costs of the assignee, if he were a party to this action. Judge Woodruff, in the case cited, was of opinion (p. 538) that the right of the defendant in that action to indemnity against groundless prosecution, was clear, under section 321, and that it was not necessary to invoke section 317 of the Code for its maintenance, further than to say that its provisions warranted the charge of those costs upon the funds in the hands of the receiver. In other words, the liability of the receiver was perfect under section 321; and as, under section 317, the costs might be charged upon a fund, the supreme court were not obliged to enforce payment by attachment, but should have made a direct .order that the receiver, an officer of the court, should make payment out of the fund in his hands, and which was under the control of the court. It may, then, be proper, within the spirit and meaning of that case, to look to section 317, to find if, under that section, the assignee in bankruptcy here, if he had been a party to the action, would have been relieved from liability to pay costs.
Section 317 regulates costs in actions in which executors, administrators, trustees of an express trust, and persons authorized by statute to sue, are parties. *257 Yet while an assignee in bankruptcy is a trustee of an express trust, he is not of the kind meant by the statute.
The statute evidently means trustees of that kind that have, or from the nature of their trust, may have a fund, on which the court can charge the costs, or who represent a party, from whom the court can direct costs to be collected.. But an assignee in bankruptcy represents no party, in the sense of the Code, and the court cannot make any charge upon the fund held by such assignee. Such fund, by law, is to be solely administered under the direction of the district court in bankruptcy. The only other class named by the section, which might include assignees in bankruptcy, is of persons expressly authorized by statute to sue. It may be that this means statutes of the United States and of this State, but it does not refer to an assignee in bankruptcy, for the same reason given when considering trustees of an express trust. In other words, .such trustees and such persons specified in the section, are those from whom the court have it in their power to exact justice, by making a fund held by them chargeable. This excludes trustees, the fund in whose hands, by the nature of their trust, cannot be charged by the court.
This construction is supported by a deduction from Cummings v. Egerton (9 Bosw., 684), which holds that it is bad faith for a trustee to bring an' action when he has no fund in his hands, out of which to pay costs. The deduction referred to, is that the statute intended that a successful party should have indemnity from a trustee personally, or from a trust fund held by him.
Cummings v. Egerton also would require, that if section 317 covered the case of an assignee in bankruptcy, that an order should be made that he personally pay costs, because, so far as the purpose of the *258 section is concerned, he can have no fund in his hands.
The conclusion seems inevitable, that this motion must be decided by the provisions of section 321, and that the assignee must be directed to pay the costs.
This result is reached in view of the bankruptcy act. Section 14 of that is not imperative, and it is not, by it, the .absolute duty of the assignee to prosecute pending suits. “He may prosecute.” This is permission. Such a word is imperative, when the exercise of the power referred to is beneficial to the public, as third parties. Then it becomes a duty to exercise the power, and the law is intended to require, imperatively, the performance of a duty. But under the bankruptcy act, it only becomes a duty for an assignee to prosecute a suit when the interest of his estate demands it, of which the assignee is, in the first instance, the judge.
Section 16 of the act is to the same effect. By section 28 of the same act, if at any time there shall not be in the hands of the assignee a sufficient amount of money to defray the necessary expenses required by the further execution of his trust, “he shall not be obliged to proceed therein, until the necessary funds .are advanced or satisfactorily secured to him.” The assignee, then, is not to proceed, until he sees that it is for the benefit of the estate that he should, and he need not, unless he has money in hand sufficient to meet the expenses of the prosecution, or until he has ireceived satisfactory security for those expenses. The district court will fully protect all his claims upon the ■fund. Plainly, therefore, it would not be right that he should not be liable in costs to a party whom he unsucessfully prosecutes. Of course, as was said by Judge Woodruff, in the case first cited, the fact that the assignee was unsuccessful, is not proof that the proceeding was not taken for the benefit of the estate.
ISio doubt the district court will give the proper di *259 rection in the matter. The considerations last advanced, further show that section 317 of the Code was not meant to apply to a case of the kind now to be decided.
The motion is granted, but without costs as the matter is decided under a recent law.