Branch agt. Harrington.

## SUPREME COURT.

WILLIAM H. BRANCH, Receiver, &c., agt. SHEFFIELD HARRING-
TON and MABELIA L. HARRINGTON.

*Irregularity in a receiver employing an attorney of a judgment creditor.*

It is irregular for a receiver in supplementary proceedings to employ, on
his behalf, the attorney for the judgment creditor in the action.

*Morrisville Special Term, June* 29, 1875.

MOTION made by the defendants to set aside this action, for
the reason that it was brought by the attorney without
authority from the plaintiff as receiver, and that it was
irregular for the receiver to employ the attorney of the
judgment creditor to bring the action, and for him to bring
the same. The motion was made before appearance by the
defendants.

*J. A. Lynes,* for defendants.

*H. N. Warner,* for plaintiff.

MURRAY, *J.* — As to the first ground I find, as a fact, from
the affidavits and papers presented, that the action was
authorized by the plaintiff, as such receiver.

As to the other ground, the general rule is that a
receiver in an action cannot appoint, as his attorney, the
attorney of either party (9 *Bosw.,* 684; 4 *Edw. Ch. R.,*
416; 1 *id.,* 576; 2 *id.,* 165; 19 *How.,* 394). A receiver
appointed in supplementary proceedings has the same author-

Branch agt. Harrington.

ity and performs the same duties as one appointed generally in the action (*Code, sec.* 298).

The same rules must govern them in the performance of their duties.

The plaintiff in this case having been appointed a receiver in proceedings supplementary to an execution, and such proceedings being proceedings in the action, it was irregular to appoint the attorney of the plaintiff in that action to be his attorney. The defendant in the first action had the right to object on the ground of such irregularity. In the action brought by the receiver, the defendant in the former action is made defendant, together with Mabelia, his wife, who was a stranger to the former action. It is charged that the former defendant had conveyed real estate to his wife, with intent to cheat and defraud his creditors, and that she received such conveyance for the like purpose and with like intent. This action is brought by the receiver to set aside such conveyance, making both the fraudulent grantor and grantee parties. Mabelia, being a stranger to the former suit, had no right to object to such irregularity (*Warren* agt. *Sprague,* 11 *Paige,* 200; *Cummings* agt. *Edgerton,* 9 *Bosw.,* 684).

The motion is made in behalf of both defendants, and, it being irregular as to the defendant Sheffield Harrington, it must be granted.

I think the practice has been for the receiver to employ the creditor's attorney, and the question has not been understood as applying to receivers appointed in supplementary proceedings, therefore no costs of motion will be allowed.