FREDERICK B. SWIFT, Respondent, *v.* JOHN S. PROUTY, Appellant.

A right to set off a judgment in favor of A. against B., against a judgment in favor of B. against A., cannot be asserted by motion on behalf of A., where it appears that before B.'s judgment was obtained he assigned his claim to a third person. If A. has any equities they can only be enforced by action, not by motion.

As to whether an order denying a motion to set off one judgment against another is reviewable here, *quære.*

(Argued March 28, 1876; decided April 4, 1876.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department reversing an order granting a motion on the part of defendant to set off a judgment in his favor against the plaintiff herein, obtained prior to the rendering of judgment herein against the judgment obtained herein by the latter against the former. (Reported below, 6 Hun, 94.)

It appeared by the opposing papers that, prior to the rendering of judgment herein, plaintiff assigned his claim to one Burt, his attorney in the action, and after the judgment was perfected assigned the judgment to said Burt.

*Davis & Lyon* for the appellant. This court has power to set off a judgment of another court against one obtained in this court. (*Stacy* v. *Patten*, 3 Wend., 331; *Harris* v. *Palmer*, 5 Barb., 105; *Ross* v. *Hicks*, 11 id., 481; *Cooke* v. *Smith*, 7 Hill, 186; *People* v. *N. Y. C. P.*, 13 Wend., 652.) The fact that the judgment had been assigned to a third person did not defeat defendant's right to set off the judgment held against plaintiff. (*People ex rel. Manning* v. *N. Y. C. P.*, 13 Wend., 650; *Nicoll* v. *Nicoll*, 16 id., 446; 17 Abb., 146; 9 id., 14, 370; 2 Rob., 670; 2 Duer, 684; 5 How., 339.)

*J. E. Cary* for the respondent. Defendant's judgment could not be set off against plaintiff, because the latter had assigned his judgment. (*Prouty* v. *Rice*, 51 N. Y., 594; *Firmenich* v. *Bovee*, 1 Hun, 532; 2 R. S., §§ 354, 12; 4 Hill,

559; Mont. on Set-off, 23.) Plaintiff's attorney had a lien on his judgment for his costs and disbursements, which would be protected against any right of set-off. (1 Paige, 622; 4 id., 677; 11 Abb., 66–69; 9 id., 366; 9 How., 16; 18 N. Y., 368; 1 Hun, 532; *Perry* v. *Chester,* 53 N. Y., 240; *Marshall* v. *Meech,* 51 id., 143; *Rooney* v. *Second Ave. R. R. Co.,* 18 id., 368; 4 Hill, 557; *Ward* v. *Syme,* 6 How. Pr., 16; *Hovey* v. *Rub. Tip Pencil Co.,* 14 Abb., 66; *Ward* v. *Woodworth,* 1 E. D. S., 598; *McGregor* v. *Comstock,* 28 N. Y., 240; Wait's Pr., 245, 246; 3 id., 542, 543; *Resquin* v. *Knick. Stage Co.,* 12 Abb., 324; *Fitch* v. *Gardner,* 2 Keyes, 516; *Adams* v. *Ft. Plain Bk.,* 23 How. Pr., 45; *Smith* v. *Lowden,* 1 Sandf., 696; *Gihon* v. *Fryatt,* 2 id., 637.)

ALLEN, J. At the time of the assignment of the claim of Swift to Burt it was not in judgment, and therefore not the subject of a set-off against the judgment of Prouty against the assignor upon summary application to the court. The assignee of the Swift claim took it subject only to such equities in favor of Prouty as existed at the time of the assignment; and as there was then no right of set-off, upon motion the application was properly denied. When the judgment was perfected the claim was then, for the first time, the subject of a set-off, and could then only be set off by motion as the property of Smith. But he had parted with his right, and if Prouty had any equities, they could only be enforced by action, and could not be *asserted* by motion. This was decided in *Graves* v. *Woodbury* (4 Hill, 559), and reaffirmed in *Spencer* v. *Barber* (5 id., 568); *Peckham* v. *Barcalow* (H. & Den., 112), and *Gay* v. *Gay* (10 Paige, 369). It may be questionable whether on applications of this character, addressed to the discretion of the court, the order is appealable, but without considering that question, it may be affirmed upon the authorities cited.

The order must be affirmed.

All concur.

Order affirmed.