LEWIS J. GODDARD, as Receiver, etc., Appellant, v. STEPHEN STILES, Respondent.

Upon application of a receiver, appointed in supplementary proceedings, to be substituted as plaintiff in certain actions pending, brought by M., the judgment debtor, notice of which application was served upon the attorney for M., an order was made granting the application upon the condition that the judgment creditor should pay to said attorney, in satisfaction of his lien for his fees and charges a sum which had been agreed upon between him and the attorney for the judgment creditor. This agreement was made without notice to or knowledge of the judgment debtor. The condition was complied with and the substitution made. Subsequently upon motion in one of the actions, wherein the receiver was thus substituted, in which action a judgment in favor of the plaintiff had been rendered, and upon its appearing that the defendant therein had purchased the judgment in the action in which the receiver was appointed, the receiver was required to allow in satisfaction of his judgment the amount so paid to the attorney on such substitution. *Held* error; that the order fixing the compensation of the attorney was not binding upon his client; that the amount due the attorney could not be determined, except in a direct proceeding between him and his client, of which the latter had notice.

To warrant a set-off on motion, both claims must be such as have been determined by a binding adjudication.

The court has no power, without personal notice to the judgment debtor, to make an order directing a receiver appointed in supplementary proceedings, to apply any portion of the funds coming to his hands in payment of judgments other than that under which he was appointed, or those to which his receivership has been extended as prescribed by the Code of Civil Procedure (§ 2464, *et seq.*) It is his duty to restore to the judgment debtor any surplus after the satisfaction of these judgments, and such an order made without notice to the debtor is not binding upon him, and would be no protection to the receiver.

(Argued February 28, 1882 ; decided October 17, 1882.)

APPEAL from order of the General Term of the Supreme Court, in the fourth judicial department, made the second Tuesday of June, 1881, which affirmed an order of Special Term, the substance of which is hereinafter stated.

This action was commenced in 1865 by one Myron P. Stiles, to reach certain premises situate in Ontario county, which had

been bid in at a foreclosure sale by the defendant, upon the theory that in so doing, the defendant acted as the trustee for Myron, who was a minor at the time of such sale, but who reached his majority on the 26th of July, 1864. In 1867 judgment was recovered in the action by the plaintiff and he was adjudged the owner of the premises, subject to an existing mortgage thereon for $3,500 in favor of Hobart College. Said judgment also directed an accounting by the defendant for the rents and profits, and upon such accounting the net rents and profits were fixed at the sum of $114.09, but the defendant was allowed nothing for permanent improvements. Subsequently the court held that he should be allowed his permanent improvements, and on further accounting before Judge GARDNER, the value of such improvements was fixed at the sum of $1,689.51, and thereupon judgment was entered in accordance with the said several findings and decisions. Final judgment was not entered in the action till July 3, 1878. The judgment was appealed from to the Court of Appeals by both parties, but the plaintiff failing to perfect his appeal, an order was subsequently entered dismissing the same, and the defendant's appeal was, on stipulation of counsel, discontinued. In the mean time the Hobart College mortgage had been foreclosed and the surplus moneys arising from the sale, amounting to $2,595.22, were deposited with the treasurer of Ontario county, and thereupon became the subject of the litigation in lieu of the land. As the result of the last accounting the defendant had been adjudged to be entitled to $1,689.51 for his permanent improvements, and final judgment was entered in accordance with the said several findings and decisions, that is to say, the plaintiff had judgment that he was entitled to the farm and to $114.09, together with $380, costs of the action, and the defendant was declared to be entitled to, out of the surplus moneys, $1,689.51, as his interest in the premises for permanent improvements. During this protracted litigation the plaintiff, Myron P. Stiles, had become bankrupt and various judgments for small amounts had been recovered against him. Three of these judgments were recovered by

Lindsay D. Warfield in January and February, 1879, and were all docketed in Monroe county, where Myron P. Stiles, the plaintiff in the first-mentioned action, then resided. On one of these judgments amounting to $344.80, execution having been issued and returned unsatisfied, proceedings supplementary thereto were instituted against said Myron P. Stiles which resulted, on the 25th of April, 1879, in the appointment of Lewis J. Goddard as receiver thereunder. At this time the original action of *Myron P. Stiles* v. *Stephen Stiles* was still pending in the Court of Appeals, and the same plaintiff had commenced another action against the same defendant to recover the mean profits for the use of the farm between the date of the original accounting, 1871, and the sale upon the foreclosure of the Hobart College mortgage, 1873, and to recover damages against the defendant for allowing said mortgage to be foreclosed, which action was also still pending at the time of the appointment of the receiver in the action of *Warfield* v. *Myron P. Stiles*. Subsequently a motion was made in the action in which the receiver had been appointed, that Goddard, the receiver, be substituted as a party plaintiff in the two actions then pending, in which Myron P. Stiles was plaintiff and Stephen Stiles was defendant. Notice of this motion was served upon John Gillett, Jr., attorney for Myron P. Stiles, plaintiff in these actions, and on the 27th day of May, 1879, an order was made at Special Term substituting Goddard, the receiver, as plaintiff in those actions. The order recites that John Gillett, Jr., has "liens and claims in said actions for legal services performed therein," and the substitution of Goddard, the receiver, was made "upon the condition only that the plaintiff in this case," Lindsay D. Warfield, "on or before the 10th of June, 1879, pay to said Gillett the sum of $800, in full payment of fees and charges of himself and his said counsel in said action. That upon the payment of said sum within said time, said defendant Goddard, receiver, be substituted as plaintiff in each of said cases, and that said Gillett, deliver to him all the papers and proceedings therein." This order was filed on the 2d day of July, 1879. It

now appears that the sum of $800 was agreed upon between Gillett and T. F. Stark, the attorney for Warfield, and inserted in said order by agreement. It further appears, in affidavits upon this motion, that Myron P. Stiles had no notice of this motion and did not know of the order until after the money had been paid to Gillett, his attorney. Nor did Goddard, the receiver, know of the motion, or of the order, or of the payment of the money. Subsequently Stephen Stiles, the defendant in the actions, paid to Gillett $630, which were accepted in full performance of the order, and he thereupon delivered all papers to Goddard, the receiver. The money, however, was not specifically paid upon the judgment, as said Gillett did not consider that he was authorized to accept said sum and satisfy and discharge said judgment under the terms of said order; but the same was accepted in pursuance of the terms of said order in satisfaction of his lien upon the judgment and upon the papers in the other action for his services rendered therein. At the time of such payment, the three judgments recovered by Warfield against Myron P. Stiles, including the one in which a receiver had been appointed, together with another judgment recovered by one Canfield against said Myron P. Stiles, and also docketed in Ontario county, had, by the procurement of said Stephen Stiles, been assigned by the plaintiffs therein to one Riley Stevens; the money paid for such assignments being advanced by Stephen Stiles, and the assignments having been taken and held, as is alleged, for his benefit. On the 1st of September, 1879, the county treasurer paid, in pursuance of an order of the Supreme Court, to Stephen Stiles, the defendant, the sum of $1,689.51, the amount allowed him for his permanent improvements, with interest thereon from 1871; and on the 10th day of February, 1880, the county treasurer paid to the plaintiff, Goddard, as receiver, the sum of $1,118.79, being the entire balance of said surplus moneys then in the hands of the county treasurer. On the 5th day of March, 1880, J. & Q. Van Voorhis, as attorneys for the receiver Goddard, issued an execution upon the original judgment recovered in

1878 by Myron P. Stiles against the defendant, Stephen Stiles, for $114.09 and $380 costs. Thereupon the present motion was made in this action, by the defendant, Stephen Stiles, to compel the receiver — "First, to apply the $630, with interest thereon from the 20th of June, 1879, at that date advanced and paid by Stephen Stiles, the defendant herein, to John Gillett, Jr., then plaintiff's attorney, to the payment of the damages and costs awarded the plaintiff in and by the judgment in this action, or so much thereof as may be necessary for that purpose ; second, requiring and directing said receiver upon making such application to satisfy and discharge said judgment of record ; and third, to set aside the execution issued thereon ; and fourth, requiring the said receiver to pay said Stephen Stiles the balance of said $630, and interest, after satisfying said judgment for damages, costs and interest, if any, out of any funds in his hands ; fifth, requiring and directing the said receiver to apply and pay the sum of $1,118.-79 now in his hands, or so much thereof as may then remain, upon the several judgments in favor of Nathan Canfield, Solomon F. Hess and Lindsay D. Warfield, with costs of the supplementary proceedings therein, respectively, in full, and in the order of the priority thereof, respectively, so far as the entire fund in the hands of said receiver will suffice for that purpose." The motion was granted at Special Term substantially as requested, except that, instead of the receiver being ordered to pay $1,118.79 on the said judgments, he was directed to pay thereon the sum of $750, in the order of preference stated therein.

*J. & Q. Van Voorhis* for appellant. The court had no jurisdiction to make an order which directs the plaintiff to pay $750, to be applied upon certain judgments other than that under which the appointment of the receiver was made. (Code, §§ 2464–2466.) The duties of a receiver in proceedings supplementary to execution are to appropriate the property of the judgment debtor to the satisfaction of the judgment under which he is appointed, and any other to which his receivership

may be duly extended, and to restore the surplus, if any, to the judgment debtor. (*Porter* v. *Williams*, 5 Seld. 150; *Banks* v. *Potter*, 21 Hun, 473; *Howell* v. *Ripley*, 10 Paige, 43; *Cumming, Receiver*, v. *Edgerton et al.*, 9 Bosw. 684.) It was improper to order the payment of money by the receiver until he was prepared to render an account. (*Duffy* v. *Corey*, 7 Robt. 79; *Defendorf* v. *Dickinson*, 21 Hun, 275.) The order is erroneous because it gives to the defendant more than the consideration which he paid for the judgments. (Perry on Trusts, §§ 428, 429, 427, 431.) The court erred in holding that the affidavit was competent proof of defendant's interest in the judgments and his right to the funds. (*The People, ex rel. Volger*, v. *Walsh*, 13 Weekly Dig. 440.) If defendant has any claim by reason of the payment of the money to Gillett, he can only enforce it by an action for money paid for the benefit of Myron Stiles or of the receiver. It cannot be enforced by motion. (*Hill* v. *Hermans*, 59 N. Y. 396; *Phillips* v. *Weeks*, 38 N. Y. Supr. 74; *Romain* v. *Garth*, 5 T. & C. 361; *Rhodes* v. *Dutcher*, 6 Hun, 453; *Prouty* v. *Swift*, 10 id. 232.) To warrant a set-off on motion, both claims must be claims that have been duly determined by a binding adjudication. (*Harris* v. *Palmer*, 5 Barb. 105; *Bagg* v. *Jefferson*, 10 Wend. 615.)

*W. H. Adams* for respondent. The defendant had the same right to purchase these judgments as any other person would have had. (*De Bevoise* v. *Sanford*, 1 Hoff. Ch. 192.) During the continuation of a trust, a trustee may purchase claims against the estate, although he can only reimburse himself for the sums actually paid. (*Quackenbush* v. *Leonard*, 9 Paige, 334; *Evertson* v. *Tappen*, 5 Johns. Ch. 497; *Van Houn* v. *Fonda*, id. 388.)

TRACY, J. As no opinion was written either at the Special or General Term, we are not informed of the grounds upon which this order was made and affirmed, except so far as may be inferred from the facts disclosed in the affidavits. We are of opinion that that part of the order which directs the re-

ceiver to apply the $630 paid by the defendant Stiles to the plaintiff's attorney in satisfaction of the judgment, and to pay over to said Stiles the balance that may remain after satisfying the same cannot be upheld. The motion for substitution was made in the action of *Warfield* v. *Stiles*, and not in this action. The court granted the motion upon the condition that Warfield should satisfy the claims of Mr. Gillett, the plaintiff's attorney in this action and also in the other action pending between Myron Stiles and the defendant; and thereupon it was agreed between Warfield and Gillett that the amount of the latter's claim should be fixed at $800, and that sum was inserted in the order. Surely such an arrangement between Warfield and the plaintiff's attorney could not be binding upon the plaintiff in that action. While notice of the application to substitute the receiver in place of the plaintiff was properly served upon the attorney of the plaintiff, yet no order could have been made fixing the amounts of Gillett's compensation as between him and his client, which would be binding upon the client without personal notice to him. This was a question in which the interest of Gillett was hostile to that of his client. He could not, therefore, represent him or bind him upon such a question. The amount fixed in the order, as the sum to be paid as the condition of substitution, was binding only upon Warfield and Gillett, and not upon Myron P. Stiles, the client. This defendant having, as he alleges, become interested in the judgment under which the receiver was appointed, stipulated privately with Gillett for a reduction of his claim to $630, and then paid the same. The order in terms provides not for the payment of the judgment, but for the payment of the charges of Gillett for his professional services in the two actions. The sum which Stiles should pay his attorney for services could not be determined upon agreement between Warfield and the attorney, nor could it be determined by the court, except in a direct proceeding for that purpose, had between the client and the attorney, and of which the client had notice. The order appealed from arbitrarily compels Stiles to adopt the acts of these strangers and to pay a claim that he has a right to con-

trovert in the ordinary way. If the defendant has any claim by reason of the payment of the money to Gillett, he can only enforce it by an action for money paid for the benefit of Myron P. Stiles, or for the receiver; it cannot be enforced by a motion. (*Hill* v. *Hermans*, 59 N. Y. 396; *Phillips* v. *Wicks*, 38 N. Y. Supr. 74; *Romain* v. *Garth*, 5 T. & C. 361; *Prouty* v. *Swift*, 10 Hun, 232; S. C., 64 N. Y. 545.) It is not an adjudicated claim, nor is there any stipulation in respect to it, to which Myron P. Stiles was a party, which the court is asked to enforce. To warrant a set-off on the motion both claims must be claims that have been duly determined by a binding adjudication. (*Harris* v. *Palmer*, 5 Barb. 105; *Bagg* v. *Jefferson*, 10 Wend. 615.) There was no proof before the court in the case of *Warfield* v. *Myron P. Stiles*, in which the order was made, nor is there any proof upon this motion showing that Gillett's claim was right or ought to have been paid. Nothing has been done at any time or place, or in any manner, to ascertain whether Gillett was entitled to the sum paid him by the defendant. The defendant bases his claim, and the order appealed from proceeds, upon the naked fact that he paid the money to Gillett. This is not sufficient.

We are also of opinion that that part of the order which directs the plaintiff to pay $750, to be applied in part to the payment of the two judgments of *Warfield* v. *Myron P. Stiles*, upon which no execution had been issued is also erroneous and must be reversed. The receivership of Goddard did not extend to these judgments, and for this reason the court had no jurisdiction to make the order. (Code, §§ 2464, 2465, 2466.)

The duties of a receiver in proceedings supplementary to execution are fixed by law. They are to appropriate the property of the judgment debtor to the satisfaction of the judgment under which he is appointed, and any other to which his receivership may be duly extended, and to restore the surplus, if any, to the judgment debtor. (*Porter* v. *Williams*, 5 Seld. 150; *Banks* v. *Potter*, 21 How. Pr. 473; *Howell* v. *Ripley*,

10 Paige, 43; *Cumming, Receiver,* v. *Egerton et al.,* 9 Bosw. 684.)

The payment of the two Warfield judgments upon which no execution had been issued was a matter in which Myron P. Stiles, the defendant, was personally interested. No order could be made by the court for the payment of these judgments without notice to him, and giving him an opportunity first to be heard. The receiver did not and could not represent him in those judgments. No order made in a motion to which Myron P. Stiles was not a party could be binding upon him, and it may well be doubted whether the payment of money by the receiver, in pursuance of an order made upon such a motion, would protect him as against the judgment debtor. If called upon to account, by Myron P. Stiles, the judgment debtor, for the money remaining in his hands after the payment of the judgment in the action in which he was appointed receiver, we do not see how he could set up this order as a justification for the application either of the $630, in satisfaction of the original judgment recovered by Myron P. Stiles against the defendant, or for the payment of the two judgments recovered by Warfield against him.

We observe that, in the notice of motion served in this case, and in which the order appealed from was made, it is stated and assumed that supplementary proceedings had been taken in all three of the Warfield judgments; and it may be that the court below based its order upon this assumption. But the affidavit of Stark, Warfield's attorney, served with the motion papers, clearly shows that supplementary proceedings had been taken in only one of said actions.

The orders of the General and of the Special Terms should be reversed, with costs.

All concur.

Orders reversed.