McMAHON v. SHARY.

(Supreme Court, Appellate Term. February 5, 1909.)

1. RECEIVERS (§ 173*)—LEAVE OF COURT TO RECEIVER TO SUE—NOTICE TO PARTY TO BE SUED.

As a general rule, notice of a motion by a receiver for leave to sue should be given the party to be sued, so that he may show that the receiver has no cause of action, and that there is no probability of a successful issue.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. § 327; Dec. Dig. § 173.*]

2. EXECUTION (§ 411*) — SUPPLEMENTARY PROCEEDINGS—RECEIVERS—LEAVE OF COURT TO RECEIVER TO SUE—NOTICE TO PARTY TO BE SUED.

On appeal from an order granting leave to a receiver in supplementary proceedings to bring an action against the judgment debtor and a corporation to set aside as fraudulent to creditors a transfer of property by the debtor to the corporation, it appeared that the corporation consisted solely of the debtor, his wife, and the attorney who represented him on the appeal, and that the debtor who was president and treasurer of the company and the attorney who was its secretary filed affidavits in opposition to the motion for leave to sue. Held, that the company had actual notice of the application, and that further notice thereof was not necessary.

[Ed. Note.—For other cases, see Execution, Dec. Dig. § 411.*]

3. EXECUTION (§ 411*)—SUPPLEMENTARY PROCEEDINGS—RECEIVERS—LEAVE OF COURT TO RECEIVER TO SUE—FRAUD—SUFFICIENCY OF EVIDENCE.

On a motion by a receiver in supplementary proceedings for leave to bring an action against the judgment debtor and a corporation to set aside as fraudulent to creditors a transfer by the debtor of his property to the corporation, it appeared that while the actions by the judgment creditor against the debtor were pending the company was incorporated by the debtor, his wife, and his attorney; that the debtor transferred his automobile business, which comprised practically all his property and also a lease of the premises, to the company for the sole consideration of certain shares of the capital stock; that on the same day that he received the shares the debtor transferred them to his wife; that he continued to occupy a portion of the premises as living rooms without paying rent, under an alleged verbal agreement with his wife as vice president of the company; that he continued to pay individually the rent of the entire premises to the landlord thereof; that, though the debtor claimed to have executed and filed a bill of sale transferring to the company a claim against another company, he still had pending in his own name an action to recover the claim; that there never was a substitution of parties or attorneys; and that notwithstanding the alleged bill of sale he had moved

to place the action on the short cause calendar. *Held* sufficient to raise a strong presumption of fraud, and to warrant the granting of the motion.

[Ed. Note.—For other cases, see Execution, Dec. Dig. § 411.*]'

4. EXECUTION (§ 410*)—SUPPLEMENTARY PROCEEDINGS—RECEIVERS—ACTION BY RECEIVER—ATTORNEY.

A receiver in supplementary proceedings may employ the attorney of the party for whose benefit the proceedings are instituted.

[Ed. Note.—For other cases, see Execution, Cent. Dig. § 1181; Dec. Dig. § 410.*]

Appeal from City Court of New York, Special Term.

Supplementary proceedings by Patrick J. McMahon against Adolph J. Shary, in which Charles A. Brady was appointed receiver. From an order granting the receiver permission to apply to the Supreme Court, New York county, for substitution as plaintiff in the case of said Shary against the Ranier Motor Car Company, and also granting the receiver permission to bring an action against said Shary and the Saratoga Auto Top & Body Company and others to set aside as fraudulent to creditors a transfer by Shary of property to the company, Shary appeals. Modified, and, as modified, affirmed.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and SEABURY, JJ.

Henry A. Blumenthal, for appellant.

W. Irving Taylor, for respondent.

GIEGERICH, J. The order appealed from is assailed on the ground that notice of motion was not given to the Saratoga Auto Top & Body Company, the transferee of the judgment debtor, whom the receiver desires to sue. In support of such contention, it is urged by the judgment debtor that the party to be sued ought to be notified so that he can in due time show to the court that the receiver has no cause of action, and that there is no probability of a successful issue. As a general proposition this is undoubtedly true (People v. Life Union, 84 Hun, 560, 32 N. Y. Supp. 1148), but in its application to this case it is merely academic, since it appears from the record that the officers of such company had actual notice of the motion and opposed it. The record shows that the Saratoga Auto Top & Body Company is a domestic corporation which consisted solely of the judgment debtor, his wife, and the attorney who represents him on this appeal. The latter, who was also the secretary of the company, and the judgment debtor, who was the president and treasurer of the company, filed affidavits in opposition to the motion. It cannot, therefore, be fairly claimed that the company through their officers did not have actual notice of the application which they opposed. The motion papers and especially the proceedings supplementary to execution disclose sufficient evidence to raise a strong presumption of fraud and to warrant the granting of the order.

It appears from those papers that while the actions brought against the judgment debtor by the judgment creditor were pending in the Municipal Court the Saratoga Auto Top & Body Company was incorporated by the judgment debtor, his wife, and the attorney who

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

represented the judgment debtor on this appeal, and to that company the judgment debtor transferred his business of manufacturing automobile tops and repairing automobiles situate at No. 336 West Seventieth street, New York City, which business comprised practically all his property. The only consideration for such transfer was 200 shares of the capital stock of the company, of the par value of $25 per share. All of these 200 shares of stock were transferred by the judgment debtor to his wife on the same day he received them, and, although he stated that he has always been and now is a director of the company and its president and treasurer, he has not since the day it was organized owned one share of its corporate stock. Furthermore, on the day of organizing the company he transferred a lease of the premises above mentioned to the company without any other consideration than the stock aforesaid, and, notwithstanding this, he has continued to occupy a portion of the premises as living rooms, without paying rent, under a verbal agreement which he says he made with his wife as vice president of the company.

It also appears that after the assignment of the lease he continued, individually, to pay the rent of the entire premises to the landlord thereof. It was further shown that, although the judgment debtor claims to have executed and filed a bill of sale by which he transferred to the company a claim of $2,945.90 against the Rainier Motor Car Company for work, labor, and services performed and materials furnished, he still has pending in his own name in the Supreme Court of this county an action to recover such sum, and that there has never been any substitution of parties or attorneys, and that, notwithstanding the alleged bill of sale, he moved to place said action on the short cause calendar.

The judgment debtor contends that a receiver in supplementary proceedings cannot employ the attorney of the party for whose benefit the proceedings are instituted, and cites the case of Branch v. Harrington, 49 How. Prac. 196, and Cumming v. Egerton, 22 N. Y. Super. Ct. 684, in support of such contention. These cases, which were decided at Special Term, have been overruled by the case of Baker v. Van Epps, 22 Hun, 460 and Id., 60 How. Prac. 79, decided by the General Term of the Fourth Department, which holds directly that it is permissible for the receiver in a case like this to be so represented. The order permits the receiver to apply to the Supreme Court, New York county, to be substituted as plaintiff in the action brought by the judgment debtor against the said Rainier Motor Car Company, which cause of action, as already shown, was included in the bill of sale given by the former to the said Saratoga Auto Top & Body Company.

Since such permission is useless unless the receiver succeeds in setting aside the bill of sale as fraudulent, the order should be modified by making the granting of the permission contingent upon the success of the action to set aside the transfer to the Saratoga Auto Top & Body Company, and, as modified, affirmed without costs. All concur.