SOUTHARD *v.* MOSS *et al.*

*(Common Pleas of New York City and County, General Term.* December 5, 1892.)

MECHANIC'S LIEN—ENFORCEMENT—PARTIES.

In an action to foreclose a mechanic's lien against the assignee of a lease it is not necessary to make the assignor a party defendant, though the lease and the assignment are not of record.

Appeal from special term.

Action by Charles H. Southard against Frederick S. Myers, Maria Moss, and others to enforce a mechanic's lien. Demurrer was filed by Maria Moss to the complaint, and judgment rendered against her on the demurrer, from which judgment she appeals. Reversed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

*H. R. Squier,* for appellant.   *Cornell, Secor & Page,* for respondent.

DALY, C. J.   This is an appeal by the defendant Maria Moss from the final judgment upon her demurrer to the complaint, by which judgment her demurrer was overruled, with costs, and she was adjudged barred and foreclosed, with the other defendants, of all equity of redemption in certain leasehold premises against which the plaintiff filed a mechanic's lien which this action is brought to foreclose. The judgment directed the sale of the right, title, and interest of Frederick S. Myers, the party at whose request the plaintiff furnished the materials which are the subject of his claim; Myers being at the time lessee of the said premises by virtue of an assignment from Maria Moss of a lease to her from Casimear de R. Moore. Mrs. Moss, having been made a party defendant to the foreclosure of the lien, demurred on the ground that the complaint did not state facts sufficient to constitute a cause of action against her. The plaintiff claims that Mrs. Moss is a proper, and even a necessary, party to the foreclosure of his lien, because neither her lease, nor the assignment of it to Myers, was recorded; and, although she had no interest in the property, or concern in this litigation, that it was necessary to bind her by an adjudication that she had assigned the lease to Myers, thus to make a marketable title on this foreclosure. The reason assigned for making Mrs. Moss a party would justify the plaintiff in making the original lessor, Moore, a defendant, for it is said that his lease to Mrs. Moss was not recorded; but I know of no authority for making prior grantors or assignors of the person against whose estate a lien is filed parties defendant in actions to foreclose such lien, whether their conveyances be recorded or not. A mortgagor who has conveyed his equity of redemption by an unrecorded deed may be made a party defendant to the foreclosure of his mortgage, (8 Amer. & Eng. Enc. Law, 211,) but this is because the record title still remains in the person who made the mortgage; and so, if the party against whom a lien is filed were to convey the interest so incumbered by an unrecorded deed, he might yet be made a party to the foreclosure, with or without the statute. But generally mortgagors who have conveyed all their interest are neither proper nor necessary parties to the foreclosure. Id. 223. Only such estate as Myers got by the assignment from Mrs. Moss is subject to the plaintiff's lien. *Jones* v. *Manning,* (Sup.) 6 N. Y. Supp. 338. Mrs. Moss, who conveyed that interest before any claim of the plaintiff arose, cannot be compelled to submit to a judgment in this action which shall secure a purchaser against any possible claim on her part. It is not alleged that she makes any adverse claim, but, if she did, the validity of such claim could not be tried in the foreclosure action. *Corning* v. *Smith,* 6 N. Y. 82. The lien act, in prescribing the parties to foreclosure proceedings, does not include owners, grantors, or assignors of the premises prior to the filing of the lien, and there is no question involved in this action to the determination of which Mrs. Moss is a proper party. Her assignment is questioned by no one,

and the only ground for including her as a party defendant urged by the respondent, *i. e.*, that her lease and assignment were not recorded, is not even alleged in the complaint. The judgm 'nt is reversed, and judgment for defendant Moss ordered upon the demurrer, with leave to the plaintiff to amend within 20 days on payment of costs; if no amendment is made, final judgment upon the demurrer, with costs, to be entered in her favor. All concur.