ROBERT BRYSON, Respondent, *v.* ROGER ST. HELEN, Appellant, Impleaded with Another.

*Action to foreclose a mechanic's lien — when a judgment to constitute a defense must be pleaded in bar — error in a notice of lien — when immaterial — construction of the Mechanics' Lien Law.*

In an action brought to foreclose a mechanic's lien the fact that a money judgment was rendered in another action in favor of the plaintiff against the defendant for the debt, to secure which the lien was filed, is not a bar to the foreclosure action when such defense is not set up in the defendant's answer and pleaded as a bar therein; and when the point that the complaint failed to state that an execution had been issued and returned unsatisfied upon the first judgment was not raised upon the trial of the foreclosure action, it is too late to raise the question upon an appeal from a judgment rendered therein.

A notice of lien stated that the claim therein set forth was for certain specified work, and amounted to the sum of seventy-eight dollars, "said amount being the true price and value of the said tin work furnished." The value of the tin work furnished was $277, and the seventy-eight dollars was the balance due and unpaid upon such amount, and the complaint in the action brought to foreclose the lien so stated the facts. No claim was made on the trial of the action that the defendant had been misled by the error in the notice of lien, and it appeared by the answer that the defendant was fully aware of the particulars of the plaintiff's cause of action, and knew the value of the work done and how much had been paid thereon.

*Held,* that the Mechanics' Lien Law should be liberally construed in order to secure to the parties its beneficial purposes;

That the act does not require that the notice shall state the entire amount of the value of the work done, nor the amount of the payments made;

That the notice of lien was sufficient, and the error in the amount would not justify the reversal of a judgment in favor of the plaintiff.

APPEAL by the defendant, Roger St. Helen, from a judgment of foreclosure and sale of the County Court of Monroe county in favor of the plaintiff, entered in the office of the clerk of the county of Monroe on the 7th day of December, 1893, upon the decision of the court.

*H. J. Sullivan,* for the appellant.

*William W. Armstrong,* for the respondent.

LEWIS, J.:

About November 1, 1891, the appellant agreed to erect a building for the defendant Phelan, and in December following contracted with one McConnell to do the tin work on the building for $274.

McConnell did the work, and in addition thereto performed extra work of the value of three dollars, and he became entitled to $277.

St. Helen paid him $198.88 upon the contract, leaving seventy-eight dollars and twelve cents still unpaid, for which McConnell, in February, 1892, filed a mechanic's lien. In his notice of lien McConnell stated that his claim was for tin work done upon the premises of the defendant Phelan, under a contract with St. Helen now due, amounting to the sum of seventy-eight dollars, "said amount being the true price and value of said tin work furnished."

At the time of the filing of the lien there remained in Phelan's hands a balance due to St. Helen on account of said work of eighty-three dollars and fifty-two cents. Prior to the commencement of this action McConnell duly assigned to the plaintiff said indebtedness due him from St. Helen, and the mechanic's lien perfected as stated, and his cause of action thereon. And thereafter the plaintiff commenced an action in the Municipal Court of Rochester against St. Helen to recover the amount of his said claim and another claim of two dollars and sixty cents for work upon another building, amounting in all to eighty dollars and seventy-two cents. St. Helen alleged a counterclaim in his answer which was allowed to the extent of forty dollars.

The plaintiff recovered a judgment in said Municipal Court against St. Helen for forty dollars and forty-two cents, with ten dollars and eighty-five cents costs. No proceedings were ever taken to collect said judgment, and it remains wholly unpaid.

The plaintiff thereafter commenced this action to foreclose said lien, and recovered judgment, adjudging that there was due the plaintiff from St. Helen the sum of thirty-eight dollars and twelve cents, the balance due on the Phelan contract, with interest thereon from November 29, 1892, that being the day of the rendition of the Municipal Court judgment, and further adjudging that he was entitled to a judgment against the defendant Phelan barring and foreclosing him from all interest and equity of redemption in the premises, and for a sale of all his right, title and interest therein, and for the payment to the plaintiff from the proceeds of such sale of the said sum of eighty-three dollars and fifty-two cents, or so much thereof as shall be necessary to satisfy said indebtedness of thirty-eight dollars and twelve cents, with interest

and the plaintiff's costs and disbursements of the action to be taxed, which were granted to him, and it further provided that in case any surplus remain after such payment, it should be paid to St. Helen, and that in case any deficiency should arise the plaintiff should be entitled to judgment against St. Helen for the amount thereof.

From the judgment entered thereon this appeal was taken.

It is the contention of the appellant that the Municipal Court judgment was a bar to this action. No such defense is set up in the defendant's answer. The recovery of the judgment is alleged in the answer, but it is not pleaded as a bar to this action.

The point that the complaint fails to state that an execution has been issued upon the Municipal Court judgment, and returned unsatisfied, was not raised upon the trial of the action.

It is too late to raise that question upon this appeal, even if there were anything in the point.

The plaintiff further contends that the notice of lien only made a claim for seventy-eight dollars as the price and value of the work furnished. It is true that that was the amount claimed in the lien as filed, but it was alleged in the complaint that the value of the work performed was $277, and that no part thereof had been paid except $238.88, leaving, as it will be seen, the sum of thirty-eight dollars and twelve cents, the amount adjudged to be due the plaintiff. The notice of lien should properly have stated that the seventy-eight dollars was a balance due for the work performed under the contract, but the error could not possibly have misled the defendant.

He made no such claim at the trial of the action. It appears from the twelfth subdivision of the defendant's answer that he was fully aware of the particulars of the plaintiff's cause of action. He knew the value of the work done and how much had been paid thereon.

Section 25 of the Mechanics' Lien Law declares the law to be remedial.

It should be liberally construed in order to secure to the parties its beneficial purposes.

The act does not require that the notice shall state the entire amount of the value of the work done, nor the amount of the pay-

ments made; manifestly, the defendant was not misled by the informality, if there was such, in the lien as filed.

As we have seen, the plaintiff recovered a judgment in the Municipal Court of Rochester for the same cause of action stated in his complaint here, and he was awarded a judgment in this action for the same claim, amounting, with interest, to forty dollars and forty cents, and the sum of eighty-nine dollars and forty-nine cents costs, and the judgment provides that, in case the sum realized upon the sale of the premises does not amount to the judgment awarded the plaintiff, he shall be entitled to judgment against the appellant for such deficiency. This, as is claimed by the appellant, secures to the plaintiff two judgments for the amount of his claim against the appellant.

The judgment appealed from should have provided against this error and it should be reversed and a new trial granted unless the plaintiff, within thirty days, cause to be deducted from the said Municipal Court judgment the sum of thirty-eight dollars and twelve cents as of the day of the entry thereof.

In case that is done this judgment should be affirmed, but without costs of this appeal to either party.