(108 App. Div. 218.)

### SMITH et al. v. IRVIN et al.

(Supreme Court, Appellate Division, First Department.  November 10, 1905.)

1. ACTIONS—JOINDER OF CAUSES—PARTNERSHIP—ACCOUNTING.

Where, to entitle plaintiffs, representatives of a deceased partner, to a partnership accounting, it was necessary to first set aside an agreement entered into with the surviving partner, a complaint seeking to set aside such agreement and for an accounting was not demurrable for improper joinder of causes of action.

2. CANCELLATION OF INSTRUMENTS—PARTIES.

All parties to an agreement between a surviving partner and representatives of the deceased partner, whereby the entire partnership assets were assigned to the former and he assumed all partnership liabilities, were necessary parties to an action to set aside the agreement.

Appeal from Special Term, New York County.

Action by Mary I. Smith and another against Mary M. Irvin, individually and as executrix, and another.  From an interlocutory judgment overruling a demurrer to the complaint, defendants appeal. Reversed.

See 92 N. Y. Supp. 170.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Francis Woodbridge, for appellants.
Robert Kelly Prentice, for respondents.

INGRAHAM, J.  These appellants demurred to the complaint upon two grounds:  First, that there was a defect of parties defendants; and, second, that causes of action have been improperly united. The plaintiffs sue as legatees of Alexander P. Irvin, deceased, who was at the time of his death a member of the firm of Richard Irvin & Co., and who died in 1884.  This firm had consisted of Richard Irvin, Sr., Richard Irvin, Jr., and Alexander P. Irvin.  It is alleged that the affairs of that firm were never settled, and the action is brought to compel the defendants, who are the personal representatives of the surviving partners and who are since deceased, to account for the property that they received as surviving partners.

The complaint alleges that, after the death of Alexander P. Irvin, Richard Irvin, Sr., and Richard Irvin, Jr., organized a new firm, and appropriated the assets of the firm dissolved by the death of Alexander P. Irvin; that subsequently Richard Irvin, Sr., died, and the business was continued by Richard Irvin, Jr., who also acted as executor under the last will and testament of Richard Irvin, Sr.; and that the defendant William Irvin was also an executor of Richard Irvin, Sr., and is now the sole surviving executor under his will.  It is also alleged that Richard Irvin, Jr., was duly appointed and qualified as executor under the last will and testament of Alexander P. Irvin, the father of the plaintiffs, under whom they claim, and that he never accounted as such executor.  It is also alleged that, after the death of Richard Irvin, Sr., Richard Irvin, Jr., who became the surviving partner of the firm as it existed prior to the death of Alexander P. Irvin, and also of the firm as it existed

subsequent to the death of Alexander P. Irvin and prior to the death of Richard Irvin, Sr., concealed and misrepresented to plaintiffs and other persons interested in said estate the true situation and facts as to the assets of the last firm of Richard Irvin & Co., and on or about May 1, 1895, he represented to the plaintiffs and to the persons interested in the estate of Richard Irvin, Sr., that he (Richard Irvin, Jr.) had liquidated all the assets and affairs of the firm of Richard Irvin & Co., except certain book accounts of doubtful value, and concealed the existence, value, and amount of stocks, bonds, and other securities of the value of over $100,000, and by said misrepresentations and concealment fraudulently induced the plaintiffs, William Irvin, as executor of Richard Irvin, Sr., and the other persons interested in the estate of Richard Irvin, Sr., to wit, Mary I. Burden, Susan I. Gray, William Irvin, and Robert L. T. Irvin, to enter into an agreement under and by which agreement those interested in the estate of Richard Irvin, Sr., consented and agreed that William Irvin, as executor of Richard Irvin, Sr., should assign, transfer, and set over to Richard Irvin, Jr., individually, all the interest of the estate of Richard Irvin, Sr., in the assets, securities, and claims of said firm of Richard Irvin & Co., and alleges that such agreement was obtained by fraudulent misrepresentations, and is therefore void.

The relief that the plaintiffs ask is that the personal representatives of Richard Irvin, Jr., as surviving partner of Richard Irvin & Co., be required to account for the property of the firm of Richard Irvin & Co. as the same existed on the 25th day of November, 1884, and, further, that the agreement which authorized the executors of Richard Irvin, Sr., to convey to Richard Irvin, Jr., all the interest of Richard Irvin, Sr., in the estate of such copartnership, and the agreement which conveyed such assets to Richard Irvin, Jr., be set aside. As the legatees or next of kin interested in the estate of Alexander P. Irvin have signed this agreement, it was necessary to avoid it before they would be entitled to an accounting of the copartnership of Richard Irvin & Co., and they were entitled, therefore, as a part of the relief necessary to obtain such an accounting and as incidental thereto, to ask that this agreement and the transfer by the executor of Richard Irvin, Sr., to Richard Irvin, Jr., be set aside. As I read this complaint, although there may be irrelevant facts alleged, there is but one cause of action, and that is to require the surviving partner of the firm of Richard Irvin & Co. to account for the property of the firm which came into his hands; and the ground of demurrer, that several causes of action are improperly united, is, therefore, not well taken.

There is, however, I think, a defect of parties defendant, in that all of those who united in that agreement under which all of the interest of Richard Irvin, Sr., in the firm of Richard Irvin & Co. was transferred to Richard Irvin, Jr., are not parties to this action. The relief asked here, and which is necessary to entitle the plaintiff to recover any judgment in this action, is that that agreement be set aside as fraudulent. It is alleged that by that agreement Richard Irvin, Jr., agreed to defend and hold harmless the estate of Richard

Irvin, Sr., of and from all claims of creditors of the firm of Richard Irvin & Co. If this agreement is set aside, this obligation of Richard Irvin, Jr., would also fall, and all of those interested in the estate of Richard Irvin, Sr., are entitled to be heard before that contract or agreement should be set aside. The complaint alleges that these fraudulent representations and concealments were made to those interested in the estate of Richard Irvin, Sr. I do not understand that that agreement could be set aside as to some of the parties and sustained as to the others. It is either fraudulent or void as to all of the beneficiaries of Richard Irvin, or it is valid, and as there is an apparent advantage to the estate of Richard Irvin, Sr., in the covenants to the estate of Richard Irvin, Sr., in the covenants of Richard Irvin, Jr., all of those who executed the agreement and are interested in the property transferred should be made parties defendant before it is adjudged fraudulent and void.

I think, therefore, the judgment appealed from should be reversed, with costs, and the demurrer sustained, upon the ground that there is a defect of parties defendant, in that all of the parties who executed the agreement mentioned in the ninth paragraph of the complaint are not parties to the action, with one bill of costs to the demurring defendants, with leave to the plaintiffs to amend the summons and complaint by making all of the parties to that agreement parties defendant in this action, upon payment of costs in this court and in the court below. All concur.