(112 App. Div. 155)

FAWCETT v. CITY OF NEW YORK et al.

(Supreme Court, Appellate Division, First Department. April 6, 1906.)

1. EXECUTION—SUPPLEMENTARY PROCEEDINGS—TIME FOR TAKING PROCEEDINGS.
Under Code Civ. Proc. § 2435, giving a judgment creditor the right at any time within 10 years after the return unsatisfied of an execution to require the judgment debtor to be examined concerning his property, and section 2464, providing for the appointment of a receiver at any time

after making an order requiring the judgment debtor to attend and be examined, an order appointing a receiver in supplementary proceedings may be made after the expiration of 10 years after the docketing of the judgment, provided the proceeding is instituted within 10 years after the return of the execution unsatisfied.

2. SAME—PRESUMPTION.

In the absence of an allegation to the contrary, it will be presumed, in an action by a receiver in proceedings supplementary to execution, that the supplementary proceedings were instituted within 10 years after the return of the execution against the debtor unsatisfied, as prescribed by Code Civ. Proc. § 2435.

3. SAME—RECEIVER—TITLE TO PROPERTY.

Where a receiver was appointed in a proceeding supplementary to execution before an award was made by a city for the taking of the property of the judgment debtor for a public use, the title to the award immediately vested in the receiver, under the express provisions of Code Civ. Proc. § 2468, and the debtor had no interest therein.

[Ed. Note.—For cases in point, see vol. 21, Cent. Dig. Execution, § 1179.]

4. JUDGMENT—LIEN—DURATION.

An award made by a city for the taking of a judgment debtor's real estate for a public use is personal property, and the 10-year limitation as to liens on real estate has no application.

5. EXECUTION—SUPPLEMENTARY PROCEEDINGS—ACTION BY RECEIVER—PARTIES.

In a suit by a receiver in a proceeding supplementary to execution to recover from a city an award made by it for the taking of the judgment debtor's real estate for a public use the judgment debtor is not a necessary party.

6. PARTIES—NONJOINDER—MODE OF OBJECTION.

Where the complaint in an action by a receiver in proceedings supplementary to execution to recover from a city an award made by it for the taking of the debtor's property for public use showed on its face that there was a defect of parties defendant, if the judgment debtor was a necessary party, the failure to join the judgment debtor as a party must be raised by demurrer.

[Ed. Note.—For cases in point, see vol. 37, Cent. Dig. Parties, § 134.]

7. SAME—WAIVER OF DEFECTS.

Where a complaint showed on its face a defect of parties defendant if a third person was a necessary party, the failure to make such person a party was waived, under Code Civ. Proc. §§ 488, 498, unless the same was raised by demurrer.

[Ed. Note.—For cases in point, see vol. 37, Cent. Dig. Parties, § 167.]

Appeal from Special Term, New York County.

Action by Lewis L. Fawcett, as receiver of Louis Edelmuth, against the city of New York and others. From an interlocutory judgment overruling a demurrer to the separate defenses interposed by defendant the city of New York, plaintiff appeals. Reversed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, PATTERSON, LAUGHLIN, and HOUGHTON, JJ.

Henry R. Ham, for appellant.
Theodore Connoly, for respondent.

McLAUGHLIN, J.   The plaintiff in proceedings supplementary to execution was appointed receiver of the property of on Edelmuth, and as such brought this action to determine the title to, and recover Edelmuth's interest in, an award made to unknown owners for land taken by the city of New York for street purposes.   The complaint

alleged, in substance, that on December 24, 1897, Edelmuth was the owner of an undivided one-sixth part of the land taken; that on that day title vested in the city of New York, for which an award of $336 was thereafter made to unknown owners; that on February 3, 1904, the plaintiff in proceedings instituted for that purpose was appointed receiver of Edelmuth's property; that he gave the bond required, entered upon and has since been discharging the duties of his office. The complaint also alleges a demand for and refusal of payment by the city. The city, among other defenses interposed the following:

"(3) And for a further and separate defense, the defendant the city of New York, upon information and belief, alleges that the plaintiff is not now, and was not at the time of the commencement of this action, entitled to claim, sue for, or recover any part, parcel, or portion of the award herein sued upon, in that the plaintiff, as by his complaint alleged, claims to have been appointed such receiver in supplementary proceedings on the 3d day of February, 1904, and in that on examination of the docket of judgments in the office of the clerk of the county of New York it appears that the judgment upon which these proceedings are founded was entered on the 7th day of August, 1891, in City Court of the city of New York, and duly docketed in said county clerk's office on the 8th day of August, 1891—a period more than ten years prior to entry of the alleged order appointing this plaintiff receiver therein.

"(4) And for a further and separate answer and defense the defendant the city of New York alleges that there is a defect of parties defendant, in that one Louis Edelmuth, the person of whom, as aforesaid, the plaintiff herein claims to be receiver in supplementary proceedings, has not been made a party plaintiff or defendant herein, and that the aforesaid Louis Edelmuth is a necessary party to the action."

To each of these defenses the plaintiff demurred, upon the ground that it was insufficient in law upon the face thereof. The demurrer was overruled, and the receiver has appealed.

I am of the opinion the demurrer should have been sustained. As to the third defense, the contention of the learned corporation counsel is that, inasmuch as the judgment under which the proceeding was instituted which resulted in plaintiff's appointment was recovered more than 10 years prior to the time of his appointment, the order appointing him was either void or else of no effect, under the decision of Importers & Traders' National Bank of New York v. Quackenbush, 143 N. Y. 567, 38 N. E. 728; but that case is not in point, nor do I think it has any application. That was an appeal from an order vacating a stay of proceedings, and denying a motion by the appellant to set aside an execution issued upon a judgment and order for the examination of the judgment debtor in proceedings supplementary to execution. There the judgment was recovered in 1879, and the execution upon it was issued in 1894, which was returned unsatisfied, and thereupon an order was obtained requiring the defendant to appear and answer in supplementary proceedings, and it was simply held that a motion to vacate the order was improperly denied; that under section 1251 of the Code the lien of the judgment upon defendant's real estate ceased after 10 years, and the execution was ineffective to reach all of the debtor's property; that the judgment creditor's legal remedy had not been exhausted, inasmuch as no steps had been taken to re-establish the lien on the real estate, and for that reason the proceeding was improperly instituted. It also appeared that a prior execution had been issued

upon the judgment immediately after its rendition, which was returned unsatisfied, and it was held that the right to maintain supplementary proceedings accrued upon the return of that execution, and was barred after the lapse of 10 years, in the absence of some proceeding to revive it, to which the debtor was a party. Here the only allegation in the third defense is that the order appointing the receiver was made more than 10 years after the docketing of the judgment. The judgment was docketed August 7, 1891. The receiver was appointed February 3, 1904. The appointment of the receiver is, of course, a step in the proceedings supplementary to execution, and he may be appointed at any time in the course of a properly instituted proceeding. Section 2464, Code Civ. Proc. If the proceeding itself is instituted within the required time, then the date of the appointment is entirely immaterial, and, for aught that appears, the proceeding which resulted in the appointment of this plaintiff may have been instituted (and, in the absence of an allegation to the contrary, such must be presumed) within the time prescribed by statute. The only limitation within which such proceeding may be instituted is contained in section 2435 of the Code of Civil Procedure, which is, "At any time within ten years after the return, wholly or partly unsatisfied, of an execution." The 10 years does not begin to run with the docketing of the judgment, but with the return of the execution. As already indicated, there is no allegation that the proceeding was not instituted within 10 years after the return of the execution, and therefore the validity of the appointment itself is not questioned by this defense. The receiver was appointed before the award was made, and, under section 2468 of the Code of Civil Procedure, title to the award, when made, immediately vested in him. The moment that the title to the land vested in the city, that moment the judgment debtor ceased to have any interest in the land, as the award made took its place. Ballou v. Ballou, 78 N. Y. 325; King v. Mayor, 102 N. Y. 171, 6 N. E. 395. The award being personal property, the 10-year limitation as to liens upon real estate has no application. Treacy v. Ellis, 45 App. Div. 492, 61 N. Y. Supp. 600; Van Loan v. City of New York, 105 App. Div. 572, 94 N. Y. Supp. 221.

As to the fourth defense. The judgment debtor is not a necessary party. The title to the award, in so far as he had any interest therein, vested in the receiver, and the only interest that the judgment debtor thereafter had was the right to an accounting in the event of a surplus after the payment of the judgment. (Matter of Wilds, 6 Abb. N. C. 307; Goddard v. Stiles, 90 N. Y. 199; Bostwick v. Menck, 40 N. Y. 383) ; and, in addition to this, if there were a defect of parties, then the city should have demurred. It appeared upon the face of the complaint, if the fact were important, that the judgment debtor should have been made a party to the action, and the omission to join him as a party should have been raised by demurrer. Not having been thus raised, it was waived. Sections 488, 498, Code Civ. Proc.; De Puy v. Strong, 37 N. Y. 372; Straus v. Tradesmen's Bank, 36 Hun, 451.

The judgment appealed from, therefore, must be reversed, with costs, and the demurrer sustained, with costs, with leave to the city to serve an amended answer on payment of the costs in this court and in the court below. All concur.