(113 App. Div. 55)

### SMITH et al. v. IRVIN et al.

(Supreme Court, Appellate Division, First Department. May 11, 1906.)

PARTIES—DEFECTS—OBJECTIONS—AMENDMENTS.

　　A demurrer to a complaint, specifying that two persons as parties to an agreement were necessary parties, was sustained, and the court directed that all parties to the agreement should be made parties to the suit. The two persons were made parties in a supplemental summons and complaint. *Held* that, as the order of the court only related to the defect of parties raised, the supplemental summons and complaint could not be dismissed, because a third person, though a party to the agreement, was not made a party to the suit, but the remedy was not by demurrer, under Code Civ. Proc. § 488; the defect of parties being apparent on the face of the complaint.

Appeal from Special Term, New York County.

Action by Mary I. Smith and another against Mary M. Irvin and others. From a final judgment entered on an order striking out the supplemental summons and complaint as to certain defendants, plaintiffs appeal. Judgment and order reversed, with costs.

Argued before O'BRIEN, P. J., and INGRAHAM, McLAUGHLIN, CLARKE, and HOUGHTON, JJ.

A. Coleman Smith, for appellants.

Lord, Day & Lord (Francis Woodbridge, of counsel), for respondent Mary M. Irvin.

Darius E. Peck, for respondent William Irvin.

CLARKE, J. This is an action to compel the defendants, who are the personal representatives of surviving partners, to account for the property of the partnership that they received as surviving partners. To the second amended complaint the defendants demurred, among other things, upon the ground that there was a defect of parties defendant "in the omission of Mary I. Burden and Susan I. Gray, parties to a certain agreement in said second amended complaint, alleged to have been executed on or about May 1, 1895, which agreement the plaintiffs in second amended complaint pray to have set aside as fraudulent and void." The demurrer was overruled at the Special Term, but on appeal to this court (108 App. Div. 218, 95 N. Y. Supp. 731) the judgment entered thereon was reversed, and the demurrer sustained; Mr. Justice INGRAHAM, writing the opinion of the court, stating:

"All of those who executed the agreement and are interested in the property transferred should be made parties defendant before it is adjudged fraudulent and void."

In the order of this court entered thereon leave was given to the plaintiffs to amend the summons and second amended complaint by making all parties to said agreement defendant upon certain terms. The terms were complied with, and the plaintiffs served a supplemental summons and supplemental and second amended complaint, bringing in Mary I. Burden and Susan I. Gray, the two missing parties specified in the demurrers. The defendants' attorneys accepted the payment of costs, and retained the new complaint, and it was not till 17 days thereafter that the attorney for the plaintiffs was notified of an alleged

defect in this complaint, in that William Irvin individually was one of the parties to the agreement, and that, although he was a party defendant as surviving executor of Alexander P. Irvin and Richard Irvin, senior, he had not been made a party individually. This defect had not been pointed out in the prior demurrer, and seems to have escaped the notice of all parties up to the time of said notification. A motion was made to strike out the supplemental summons and supplemental and second amended complaint, and an order was made granting the motion, and final judgment dismissing the complaint was entered.

As this defect appeared upon the face of the complaint, we think that the proper practice would have been for defendants to have demurred to this complaint upon the ground of the defect of parties, pointing out the defect, as required by section 488 of the Code of Civil Procedure. Where a demurrer is made by law the proper method of testing the sufficiency of parties, we do not think that for a defect therein the pleadings should be stricken out, and judgment entered dismissing the complaint. It can hardly be held that this court intended by its former order directing all parties to the agreement to be made parties to go further than pass upon the facts as presented to it. A demurrer had been interposed, specifying two persons as necessary. There was no suggestion in any of the papers or arguments as to any others. It was the duty of demurrant to point out the specific omission. The court passed on the facts before it. A defect not discovered by any one, the power of demurrer still surviving, should not be visited by so drastic a penalty.

The judgment and order appealed from should be reversed, with costs, and the motion denied, with $10 costs. All concur.