(55 Misc. Rep. 535)

TEEMAN v. LUSTBADER et al.

(City Court of New York, Special Term. April, 1907.)

ACTION—STAY—PENDENCY OF ANOTHER ACTION.

Plaintiff in an action for work and material under a building contract may have a stay of the trial thereof till after trial of his action to foreclose the mechanic's lien based on such contract, provided one of the defendants avails himself of the leave granted him to file a supplemental answer, setting up his discharge in bankruptcy proceedings long subsequent to the acquisition of the lien, as plaintiff's lien case might be prejudiced by a judgment for such defendant in the other case on such supplemental answer, which it would be an injustice to allow.

Action by Max Teeman against Samuel Lustbader and others. Plaintiff moves for stay of trial. Motion granted conditionally.

Sigmund I. I. Honig, for plaintiff.
Emanuel Van Dernoot, for defendants.

WADHAMS, J.   Action is pending in this court to recover for work, labor, and services and for materials alleged to have been furnished by plaintiff as building contractors under contracts in writing and for breach of contract by defendants.   The court has granted leave to serve a supplemental complaint setting up the discharge in bankruptcy in January, 1907, of one of the defendants upon condition that he pay costs to date.   About the same time as the commencement of this action, and in the year 1903, the plaintiff filed a notice of mechanic's lien against the defendants and affecting the premises on which the work forming the basis of this action was done, and thereafter an action was commenced by the plaintiff herein against these defendants in the Supreme Court, New York county, to foreclose the mechanic's lien.   That action is now pending in the Supreme Court.   The defendants bonded the lien, the sureties on the bond duly qualified, and the plaintiff in that action is preparing motion papers for leave to bring in the sureties as parties defendant and to prosecute that action.   Motion is now made for a stay of the trial of the action pending in this court until after the trial of the action in the Supreme Court.

The statute which creates a lien upon real property for the benefit of contractors and materialmen is remedial, but the remedy is not exclusive and does not bar the lienor from pursuing any other or further remedy which he may have independent of the statute.   He may pursue these remedies simultaneously, but he can have but one satisfaction of his claim.   The right of a plaintiff under ordinary circumstances to pursue his remedy for the debt by common-law action and at the same time to enforce his lien by foreclosure is well established.   Power v. Onward Construction Co., 39 Misc. Rep. 708, 80 N. Y. Supp. 950; Snyder's Annotated Lien Laws (4th Ed.) p. 20, and cases cited.   It has been held that, unless the decision in one action will determine all the rights set up in another and the judgment in the one disposes of the controversy in both, the court in the one action will not stay proceedings in the other.   Nussberger v. Wasserman, 40 Misc. Rep. 120, 81 N. Y. Supp. 295.   It is clear that in the action now pending in the Supreme Court all the rights of these parties may be determined, and the judgment there would dispose of the controversy in both actions.   Under such circumstances, if sufficient cause appear, a stay of the action in this court may be granted.   As the lien was acquired in 1903, the discharge in bankruptcy in 1907 would not ordinarily be available as a defense in the action to foreclose the lien.   Crane Co. v. Pneumatic Signal Co., 94 App. Div. 53, 87 N. Y. Supp. 917.

The foundation of every lien is a contract indebtedness, express or implied.   Should the defendant Lustbader be permitted to proceed to trial upon the issue joined by the supplemental answer setting up his discharge in bankruptcy, such discharge would be a complete bar to the recovery of any judgment against him in this action.   It is contended that such determination would be prejudicial to plaintiff's rights in the foreclosure action in the Supreme Court, and plaintiff makes this motion for a stay.   I have found no case in which the precise question

whether a judgment in favor of the defendant in a common-law action upon the contract which is the basis of the lien would be available to such defendant as a bar in the action to foreclose the lien. Without determining that question, the stay should be granted, in view of the permission given the defendant to plead the supplemental answer, which must necessarily result in a judgment in his favor in this court. It has been held, in an attachment suit, in which plaintiff more than four months before the filing of the petition in bankruptcy had received security on a discharge of the attachment, that the injustice of allowing plaintiff's advantage to be defeated was a sufficient ground for refusing leave to permit defendant to plead the discharge in bankruptcy. Holyoke v. Adams, 59 N. Y. 233. It would be an injustice in this case to allow the advantage of plaintiff's lien to be prejudiced by permitting the action in this court to proceed to trial after leave to file the supplemental answer setting up the discharge in bankruptcy. The motion for a stay is granted in the event that defendant serves the supplemental answer pursuant to the leave granted. In case such answer is not served the dual remedy may be pursued, and this case will proceed to trial.