WILLIAM H. PIERCE, Plaintiff, *v.* HUGH G. KINNEY, BELL
    KINNEY and JANE E. BENEDICT, Defendants.

(County Court, Otsego County, January, 1912.)

Mechanics' liens — Nature of, and right to, lien in general — Foreclosure
    — Extent and nature of right in general — Pleading — Judgment
    — Parties and notice — Bringing in new parties.
Pleading — Complaint — Demurrer in general — Grounds to demurrer
    to complaint — Defect of parties.

    Where real estate is conveyed just prior to the commencement
of an action to foreclose a mechanic's lien thereon, the grantor is
a proper but not a necessary party defendant.

    Where a defect of parties defendant appears upon the face of
the complaint the remedy is by demurrer; otherwise it must be
pleaded in the answer, and, in the absence of either, the defect
is waived.

    An owner of real estate was made a party defendant to an
action, brought in the County Court to foreclose a mechanic's lien
thereon, commenced just before the conveyance of the property by
her. It appeared that, upon a new trial after the reversal by the
County Court of a judgment in plaintiff's favor of a court not of
record, in an action against said owner and a codefendant to fore-
close said lien, judgment was rendered in plaintiff's favor against
the codefendant only for the amount demanded in the complaint.
It further appeared that said new trial was granted on the ground
that the trial court was without jurisdiction to grant a judgment
of foreclosure and a sale of the real estate in question, and should
have rendered a money judgment as in an action on contract for
materials furnished and for work, labor and services. The grantee
of the former owner pleaded judgment rendered on the new trial
as a bar to the present action to foreclose the lien. On grant-
ing a motion to dismiss the complaint, held:

    That the judgment rendered on the new trial, to the effect that
plaintiff in that action had no claim whatever against the former
owner of the premises, was an adjudication that she never made
any agreement whatever with him or contracted with him for the
materials furnished or for the work, labor and services claimed
to have been rendered for her and was *res adjudicata* in the
present action on the debt which was the basis of his lien.

    An action to foreclose a mechanic's lien for materials furnished
and for work, labor and services is no bar to an action against
the contractor or other party liable for the debt; both remedies
may be pursued simultaneously, but the lienor can have but one
satisfaction.

ACTION to foreclose a mechanic's lien.

J. F. Thompson, for plaintiff.

B. W. Hoye, for defendants.

KELLOGG, A. L., J.   This is an action brought for the purpose of foreclosing a mechanic's lien, which was duly filed in Otsego county clerk's office against the real estate and premises formerly owned by one Claudine Knapp.

It is claimed in the complaint that, between the 20th day of April, 1910, and the 2d day of May, 1910, the plaintiff, at the request and with the knowledge, consent and approval of Claudine Knapp, performed on the real property herein described, for the use and benefit of said Claudine Knapp, work and labor, and furnished materials, in and toward the alteration, improvement and reconstruction of a building upon her premises, which was theretofore a henhouse and thereafter a cigar factory, and that said work, labor and materials were reasonably worth the sum of forty-seven dollars and ninety cents, which said sum Claudine Knapp promised and agreed to pay to the plaintiff and no part of which has been paid.

It appears that, at the time the notice of lien was filed in the clerk's office, and for sometime prior to the commencement of this action, Claudine Knapp was the owner in fee of the real estate described in the notice of lien, but that, just prior to the commencement of this action, duly conveyed her interest in said real estate to the defendants.

The answer denies any knowledge or information sufficient to form a belief as to all of the material allegations of the complaint.

On the trial, as a preliminary objection, the defendant Hugh G. Kinney insists that there is a defect of parties in that Claudine Knapp is necessary and indispensable as a party defendant, for the reason that the lienor must establish the debt which is the basis of the lien; and, in order to procure a judgment of foreclosure of the lien upon

this property, the debt must be established against her, she being the owner in fee at the time the lien was filed, and it is her interest only that can be decreed to be sold. I am not convinced that this is good law.

Claudine Knapp may be a proper party, but is she a necessary party? Sometime prior to the commencement of this action, she conveyed her interest in the premises against which the lien was filed to these defendants, and the defendants took the conveyance in fee with full notice of the mechanic's lien set forth in the complaint, then of record in Otsego county clerk's office.

It may be conceded that it is necessary for the plaintiff to establish the debt which is the basis of the lien; but the presence of Claudine Knapp in court, as a party defendant, cannot seriously affect the interest of the defendants to their prejudice, as they were at perfect liberty to produce her in court as a witness in their behalf.

Assuming that Claudine Knapp was a necessary party to the determination of the validity of the lien, this defect clearly appears upon the face of the complaint; and the proper remedy, therefore, of the defendants is by demurrer. Code Civ. Pro., § 488; Smith v. Irvin, 113 App. Div. 55.

If the defect in question is not shown on the face of the complaint, then it must be alleged in the answer. Code Civ. Pro., § 398; Hawkins v. Mapes R. Constr. Co., 178 N. Y. 241; Jones v. Gould, 200 id. 18.

The defect, not having been raised by demurrer or answer, has been waived. Code Civ. Pro., § 449; Fawcett v. City of New York, 112 App. Div. 155; Jones v. Gould, 200 N. Y., *supra*.

It further appears from judgment rolls of the City Court of Oneonta, in evidence here, that William H. Pierce, this plaintiff, on or about the month of August, 1910, commenced an action in the City Court against Lyman G. Knapp and Claudine Knapp, for the purpose of foreclosing the mechanic's lien sought to be foreclosed in this action. It was claimed in the complaint in the action in the City Court that Claudine Knapp was the owner in fee of the real property described; that the defendants employed

the plaintiff to rebuild the small building referred to in the complaint; that such employment was with the knowledge and consent of Claudine Knapp, and that, with such knowledge and consent, the plaintiff performed work and labor and furnished materials in the sum of forty-seven dollars and ninety cents. Judgment was prayed for the foreclosure of the lien and for personal judgment for· deficiency against the defendant Lyman G. Knapp. The complaint was thereafter amended so to include a demand for personal judgment against both the defendants Lyman G. Knapp and Claudine Knapp.

On or about the month of October, 1910, the city judge of Oneonta rendered a judgment· in said action in favor of the plaintiff and against the defendants Claudin ^ Knapp and Lyman G. Knapp for the relief demanded in the complaint, namely; that the real property described in the. notice of lien, as being situate on the east side of Clinton street, known and designated as No. 44, on said street, being a city lot with a house and small building in the rear, used as a cigar factory, be sold according to law; and, out of the moneys arising from such sale, the plaintiff be paid the amount due on said lien, viz., forty-seven dollars and ninety cents damages and six dollars and five cents costs, amounting in all to fifty-three dollars and ninety-five cents; and that the defendants, or either of them, be adjudged to pay so much of said amount as ·should not be satisfied from the proceeds of the sale of said real property, and that the plaintiff have execution therefor, accordingly.

An appeal was taken from said judgment to this court, and such proceedings were had thereon that a reversal of said judgment was had, and a new trial in said action was directed. Under said order and judgment of reversal, a new trial was had and such proceedings taken thereunder that, on the 14th day of April, 1911, the city judges of Oneonta rendered judgment in said action in favor of said William H. Pierce, and against the defendant Lyman G. Knapp only, for the amount claimed in the complaint, with costs; and said judgment is still in full force and effect.

All of the proceedings taken and had on both·trials in

the City Court have been stipulated as evidence in this case, subject to the objections of the defendant Kinney as raised by his answer. From an examination of the record, it appears that on the last trial in the City Court " It was stipulated that the evidence in the former trial be regarded as evidence in this trial, and for a copy of the evidence reference is directed to the return on the former trial."

The last described judgment was rendered therein in favor of the plaintiff, William H. Pierce, and against the defendant Lyman G. Knapp, which said judgment the defendant Kinney set up in this action and pleads as a defense and bar to the foreclosure of the lien in this court. It should be stated that the action thus described was sent back to the City Court for a new trial, on the ground, among others, (1) That there was no jurisdiction in the City Court of Oneonta, a court not of record, to grant the judgment of foreclosure and sale of the real estate in question. (2) That sufficient facts were not stated in the complaint to permit judgment to be rendered in the City Court to foreclose the lien, to wit, a simple money judgment to be enforced by execution, authorizing the sheriff to sell the right, title and interest which the judgment debtor had in the land at the time the lien was filed. Drall v. Gordon, 51 Misc. Rep. 618.

It was also held by the appellate court that, after finding the facts to be with the plaintiff, as he did against both defendants, the learned judge of the City Court should have awarded the plaintiff a money judgment for the sum demanded, as upon an action on contract for materials furnished and for work, labor and services.

It is the contention of the plaintiff in this action that, although the action which he commenced in the City Court was brought to foreclose the lien, by reason of a defective complaint he was permitted to recover a money judgment only, and that execution upon that judgment has been issued and has been returned wholly unsatisfied and that, therefore, he has the legal right to commence a new action in this court to foreclose his lien; that his remedies are cumulative, he has not had as yet one satisfaction, and that the

enforcement of his lien was not involved in the prior litigation.

I am not able to find any authority upon that proposition in the cases which have been thus far adjudicated in this State.

It is doubtless true that a creditor may always pursue as many remedies as he has, unless expressly forbidden by the statute. He may have dual or plural remedies, but he can have but one satisfaction. An action to enforce the lien is no bar to an action against the contractor or other party liable for the debt. The remedies are not only cumulative but concurrent, and may be pursued simultaneously. The right of a plaintiff to pursue his right for the debt or for the enforcement of his lien, at the same time but by different actions, can no longer be questioned. Power v. Onward Const. Co., 39 Misc. Rep. 708; Robinson v. Fay, 19 N. Y. Supp. 120; 46 N. Y. St. Repr. 369; Bryson v. St. Helen, 79 Hun, 167; Knapp v. Brown, 45 N. Y. 207; Biershenk v. Stokes, 18 N. Y. Supp. 845; 46 N. Y. St. Repr. 179; Cornell v. Barney, 94 N. Y. 394; Teeman v. Lustrader, 55 Misc. Rep. 535.

In the City Court the plaintiff was only allowed to take a personal judgment for his debt against the defendants for the reasons heretofore stated, and this is the form of judgment he was awarded; which, on the first trial, was against both defendants, and on the second trial against the defendant Lyman G. Knapp only. In my opinion, if a serious question had not arisen as to the findings on the facts on the second trial, as relating to the defendant Claudine Knapp, and which must be considered here, the plaintiff in this action had the right to seek the foreclosure of his lien in this court. In other words, he is justly entitled to his day in court to establish, if possible, the validity of his lien and to enforce it. Power v. Onward Const. Co., *supra;* Webb v. Van Zandt, 16 Abb. Pr. 190; Raven v. Smith, 71 Hun, 197; Matter of Gould Coupler Co., 79 id. 206; Raven v. Smith, 87 id. 90; Smith v. Fleischman, 23 App. Div. 355.

After having heard all the evidence in the case on the

merits of the claim against both defendants Knapp, in rendering judgment on the second trial against the defendant Lyman G. Knapp only, the learned city judge thereby held, in effect, that the plaintiff in that action, who is the plaintiff here, had no claim whatever against Claudine Knapp, the individual against whose real estate the lien was filed, and in this action sought to be enforced. The City Court was a court of competent jurisdiction, and this finding on the facts and the judgment, rendered pursuant thereto, not only goes to the very heart of the lien itself, but is an adjudication that Claudine Knapp never made any agreement whatever with the plaintiff or contracted with her for the materials in question, or for the work, labor and services claimed to have been rendered for her and on her account; and such finding and adjudication, until reversed, are binding on this court. In the face of such finding on the facts and judgment rendered, how may the plaintiff be heard to establish in this action the debt which is the basis of his lien? It would seem to be, and in my opinion is, *res adjudicata* upon that proposition. It was the duty of this plaintiff to have appealed from the judgment of the City Court and, if possible, have secured a reversal thereof before he was entitled to commence this action. In the meantime, he should also have taken steps to continue his lien in full force and effect. The motion of the defendant Kinney must, therefore, prevail; and the complaint in this action is dismissed, with costs. Findings in accordance herewith to be submitted.

Complaint dismissed.