In the Matter of the General Assignment for the Benefit of Creditors of INDUSTRIAL LAUNDRY MACHINERY Co., INC., Assignor, to NEW YORK CREDIT MEN'S ADJUSTMENT BUREAU, INC., Assignee-Appellant. CONTRACTORS EXPORT PROCESSING CORPORATION et al., Respondents.— In a proceeding for an assignment for the benefit of creditors, the assignee appeals from an order authorizing and directing the United States Government to pay in full, from the funds it holds for the benefit of the assignor, the claim of a creditor who furnished labor and materials for certain machines made by the assignor for the Government. Order reversed, without costs, and motion denied, without costs, and without prejudice to any right respondent may have to claim a preference upon the judicial accounting of the assignee. Those who furnish labor and materials may have an equitable claim to be paid ahead of general creditors (see *United States* v. *Munsey Trust Co.,* 332 U. S. 234; *Seaboard Surety Co.* v. *United States,* 67 F. Supp. 969) which may arise from work done on personalty as well as realty (see 33 Am. Jur., Liens, § 18; 4 Pomeroy on Equity Jurisprudence [5th ed.], § 1233). However, such claim may be enforced only for the benefit of all creditors who furnished labor and materials, as a class, so that they may share pro rata in the available funds if there are not sufficient to pay them all in full. Such claim may not be enforced by an individual creditor in that class, for his own individual benefit, since he may not thus gain a preference as against others in his class (cf. Debtor and Creditor Law, §§ 22, 23, 189; Lien Law, §§ 36-a, 71; *Matter of Einach,* 1 Misc 2d 537; *Matter of Marstan Plumbing Co.,* 176 Misc. 956; *Continental Cas. Co.* v. *Ben-Mil,* 175 Misc. 220, affd. on other grounds 261 App. Div. 958). Wenzel, Acting P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ., concur.

In the Matter of BOYD H. WOOD COMPANY, Appellant, against ROBERT C. WEAVER, as State Rent Administrator, Respondent.— In a proceeding to review a determination of the State Rent Administrator affirming an order of the local rent administrator of the Brooklyn local rent office reducing the rent of an apartment in a multiple dwelling on the ground of failure to paint, the landlord appeals from an order denying its petition and dismissing the proceeding. Order unanimously affirmed, without costs. There was substantial evidence to support the State Rent Administrator's finding that there existed, on March 1, 1943, a three-year painting practice with respect to the apartment. Under those circumstances, his findings may not be disturbed. (Cf. *Matter of Kathy Realty Corp.* v. *McGoldrick,* 281 App. Div. 850; *Matter of Kings County Properties* v. *Abrams,* 2 A D 2d 710.) We are also of the opinion that, on the record presented, the State Rent Administrator did not act arbitrarily or capriciously in refusing to make an adjustment in the rent reduction for the painting of some portions of the apartment which had been done to remove a building violation. Present—Nolan, P. J., Wenzel, Beldock, Ughetta and Kleinfeld, JJ.