William B. Groat, J.
Two motions: (1) by the defendant Private Investors Corp. for summary judgment under rule 113 of the Rules of Civil Practice and (2) by the defendants Dillard and Private Investors Corp. for judgment on the pleadings pursuant to rule 112 of the Rules of Civil Practice. The motion for judgment on the pleadings will be disposed of first.
The complaint, insofar as it affects the moving defendants, alleges that prior to August 10, 1956, the defendant Private Investors Corp. was the owner of certain real property in Queens County, that on August 10, 1956, said defendant conveyed the property to Carlton Properties, Inc., which, in turn, conveyed it on November 1, 1956, to the defendant Benat Associates, that the property had been leased by Private Investors to defendants Bellas and Afraia, that at the special instance and request of the defendants Bellas and Afraia plaintiff furnished work, labor and materials for the construction of a diner upon said premises, at the agreed price and reasonable value of $11,675, of which only $4,800 was paid, leaving a balance of $6,875, that the work, labor and materials were furnished with the knowledge and consent of the defendant Private Investors which owned the premises at the time the work was begun, that on January 11, 1957, which was within four months of the completion of the work, plaintiff filed a mechanic’s lien and that the lien has not been paid, cancelled or discharged. Plaintiff demands judgment of foreclosure and for any deficiency.
At the outset it will be noted that the defendant Dillard is not mentioned at all in the complaint. In the answer, however, it is alleged that when defendant Private Investors conveyed the property to Carlton Properties, Inc., Carlton executed a mortgage in the sum of $40,000, which was immediately assigned to the defendant Dillard. As the present holder of a mortgage on the premises defendant Dillard would be a proper party defendant.
On a motion for judgment on the pleadings directed to the sufficiency of the complaint, that pleading is tested without considering the defenses in the answer. (Stevenson v. News Syndicate Co., 302 N. Y. 81.) So tested, the complaint is insuffi *579 cient as against the defendant Dillard and her motion for judgment on the pleadings is granted with leave, however, to the plaintiff to serve an amended complaint within 15 days after service of a copy of the order to be entered hereon. (Smith v. Slimak, 215 App. Div. 637.)
As set forth above, the defendant Private Invesors is alleged to have been the owner of the property when the work was begun, but it conveyed its interest before the mechanic’s lien was filed. A prior owner is not a necessary party to the action. (Blanc on Mechanics’ Liens, p. 649.) The fact that Private Investors consented to the improvement does not create personal liability in the absence of a contractual obligation.- In the instant case the complaint alleges that the work, labor .and material were furnished at the special instance and request of the defendants Bellas and Afraia. The consent of an owner of property to the construction of an improvement will subject that property to the burden of a lien, but it does not create personal liability or contractual obligation. (Brigham v. Duany, 241 N. Y. 435.)
The cases cited by the plaintiff do not sustain its contention. In Noce v. Kaufman (2 N Y 2d 347) the defendant Kaufman was not only the owner of the property, but also a party to the contract, as appears from the first paragraph of the court’s opinion.
The case of Gilmour v. Colcord (183 N. Y. 342) involved the question of personal liability of a subsequent grantee. The court said that a personal judgment is authorized against an owner who has promised to pay the consideration, but not against a subsequent grantee who made no such promise nor otherwise assumed her grantor’s obligation (p. 345).
Plaintiff further argues that defendant Private Investors is a proper party defendant because its deed of conveyance contains the recital required by section 13 of the Lien Law, to the effect that it would hold the consideration as a trust fund to be first applied to the payment of the cost of the improvement. Such liability can be enforced only in a representative action brought for the benefit of all persons entitled to share in the fund. (Lien Law, § 71; Matter of Industrial Laundry Mach. Co., 3 AD 2d 843.)
It follows that the defendant Private Investors Corp. is entitled to judgment on the pleadings dismissing the complaint as to it. This disposition renders academic the companion motion by defendant Private Investors Corp. for summary judgment under rule 113 of the Rules of Civil Practice.
Settle order.