William R. Brennan, Jr., J.
This is a motion pursuant to rule 113 of the Rules of Civil Practice, for summary judgment dismissing the complaint on the grounds (1) that prior to the filing of the notice of lien by the plaintiff subcontractor, the owner Sprayview Construction Corporation had conveyed the property to Round Dune, Inc., and (2) that the filing of an undertaking by the contractor discharged the property from •the lien and eliminated the necessity of having the owner of the property as a party defendant,
*333 The papers submitted reveal that on August 25, 1960 when the notice of lien was filed, the defendant movant was the owner of record of the subject property. According to subdivision 3 of section 44 of the Lien Law, “ All persons appearing by the records in the office of the county clerk * * * to be owners of such real property ” are necessary parties defendant. The conveyance from the movant to the Bound Dune, Inc., was executed on August 24, 1960 but not recorded until August 26, 1960. The authority relied upon by the movant (Southard v. Moss, 2 Misc. 121, affd. 141 N. Y. 607) is not applicable, since the work allegedly performed by the plaintiff here was done while the movant was the record owner of the property.
With respect to the effect of the filing of the bond, the movant’s contention is also without merit. The bond is 11 conditioned for the payment of any judgment which may be rendered against the property for the enforcement of the lien.” (Lien Law, §' 19, subd. 4.) Therefore, the action is still “ in form for the enforcement of the lien * * * as if the lien still existed ” (Kelly v. Highland Constr. Co., 133 App. Div. 579, 581; see, also, Comolli & Co., v. Margolies, 130 Misc. 894; Spitz v. Brooks & Son, 210 App. Div. 438).
Although not specified in the notice of motion, the movant by its president avers that prior to the filing of the notice of lien, it had paid in full the general contractor for whom the plaintiff had done the work. That would be a good defense if the evidence supported said averment, but the exhibit attached to the affidavit discloses a sum of $16,500 was not paid to the general contractor on August 24,1960. Placing that sum in escrow to await the performance of additional corrective work or to secure the satisfaction of other liens does not constitute payment. The motion is accordingly denied. Short-form order signed.