Jack Stanislaw, J.
Plaintiff moves to dismiss two defenses asserted in an action to foreclose a mechanic’s lien for materials supplied for the improvement of certain real estate. Plaintiff claims the material was supplied with the property owner’s knowledge and consent, through said owner’s general contractor, defendant Kreisler, and defendant Suffolk Garnet Contracting Co., Inc., Kreisler’s subcontractor. The defenses under attack, asserted by defendants Sagg-Bridgehampton Corp. and St. Paul Fire & Marine Insurance Company, are (1) that before the notice of lien was filed and without knowledge thereof, defendant Kreisler paid in full for the foundation for which plaintiff is alleged to have supplied materials; and (2) that plaintiff’s notice of lien is invalid since it fails to name defendant Sagg-Bridgehampton Corp. as the owner of the premises, said defendant being the corporation alleged in the complaint to be such owner.
The same defendants cross-move to dismiss the complaint on the ground that it fails to include, as a party defendant, the owner of record of the subject premises at the time the lien was filed, namely, Bridgehampton Cay Realty Corp. (“ Bridgehampton ”).
The relevant facts, in chronological order, as alleged in the pleadings and affidavit are as follows. The materials were supplied by plaintiff between March 7 and March 10, 1966, when Bridgehampton was the owner of record of the subject premises. By deed dated March 30, 1966, Bridgehampton conveyed the premises to defendant Sagg-Bfidgehampton Corp. On April 28, 1966, before the March 30, 1966 deed was recorded, plaintiff filed his notice of lien naming Bridgehampton as the owner of the realty and, within 10 days thereafter,'mailed the notice to the owner of record (presumably, Bridgehampton). The conveyance was finally recorded on May 3,1966, On June 21,1966, the *49 new owner, defendant Sagg-Bridgehampton Corp., bonded the. lien by filing a surety bond in the amount of $1,300, given by defendant St. Paul Fire & Marine Insurance Company.
Plaintiff’s motion to strike the defenses is denied. Although the defense of payment is stated in general terms, it is sufficient to give notice of the transaction intended to be proved, by way of defense (CPLR 3013). Plaintiff may obtain further specification by demanding a bill of particulars or by using the appropriate disclosure devices provided for under article 31 of the CPLR. In the alternative, plaintiff may move, under CPLR 3024, for a more definite statement. The form employed by defendants in alleging their defense of payment is not comprehensive (Lien Law, § 56; Jensen, Mechanics’ Liens, § 280) but neither is it fatal (Foley v. D’Agostino, 21 A D 2d 60; Jones v. McNeill, 51 Misc 2d 527).
Disputing the second defense, plaintiff contends that despite the March 30, 1966 conveyance, with respect to the ownership of the property, he was entitled to rely on the record as it stood on April 28, 1966, when his notice of lien was filed. Plaintiff’s contention is valid (Reedy Elevator Co. v. Monok Co., 171 App. Div. 653), but this does not necessarily establish the validity of his notice of lien. Although the notice of cross motion states '' that the Court should not proceed in the absence of a person who should be a party to the action, namely the admitted owner of record of the subject premises Bridgehampton Cay Realty Corp.” (emphasis supplied), the moving defendants have carefully avoided conceding that B ridgehampton was, in fact, the owner at the time the lien was filed, implying that such fact is admitted only by plaintiff. The notice of lien is not attached to the motion papers and aside from the naked allegations of the affidavit submitted by plaintiff’s attorney there is no proof of who was the owner of record of the premises when the notice of lien was filed. The moving defendants will, of course, have the burden of sustaining the sufficiency of their defenses, but the burden of proving that the party named as the owner of the premises in the notice of lien was in fact the owner of record at the time the notice was filed rests with the plaintiff. That fact has not yet been proved.
The cross motion presents a more challenging issue. It is well settled that a prior owner of real estate is not a necessary party to an action to foreclose a mechanic’s lien, where such prior owner had no contractual obligation to the lienor and the work which is the subject of the lien was not completed and the mechanic’s lien was not filed until after the property was con *50 veyed to a subsequent owner. (Ellis Chingos Constr. Corp. v. Carlton Props., 13 Misc 2d 577, affd. 7 A D 2d 1020.)
One who conveys his realty after the filing of a notice of a mechanic’s lien but prior to the commencement of an action to foreclose the lien may be a proper party (Pierce v. Kinney, 75 Misc. 328, 135 N.Y.S. 537; Kinematics, Ltd. v. Sprayview Constr. Corp., 27 Misc 2d 332) but whether he is a necessary or indispensable party is not so clearly defined. Plaintiff relies on Pierce (supra), to support his contention that such prior owner is not a necessary party. Although the headnote appears in accord with plaintiff’s contention, the decision merely raises the question, without giving a definitive reply. The court, in that case, stated that assuming such prior owner was a necessary party, plaintiff’s failure to join him as a codefendant should have been raised as an objection by the present owner in his answer or by way of demurrer, otherwise such defect is deemed to have been waived. Thus, the issue here in dispute was not resolved by Pierce (supra). Moreover, the instant cross motion is, in effect, precisely what the court suggested in that case, namely, a demurrer to the complaint.
In another case relied on by plaintiff (Bierschenk v. King, 38 App. Div. 360), the owner of real estate on which certain work was performed conveyed the property to another party who, on the very same day, conveyed it to the wife of the original owner. The court, in that case held that the intervening property owner was not a necessary party to an action to foreclose plaintiff’s mechanic’s lien. But that case also fails to resolve the issue raised on this cross motion, since the intervening property owner in that case had no interest in the real estate when the work was performed nor when the action was commenced. Moreover, both the original owner and his wife were party defendants in that action. In the instant case, Bridgehampton, allegedly, was the owner of record when the materials were supplied and notice of lien was filed.
In Kinematics, Ltd. v. Sprayview Constr. Corp. (27 Misc 2d 332) the prior owner of the premises, which was the subject of an action to foreclose a mechanic’s lien, moved to dismiss on the ground he was not a necessary party since he had conveyed the property prior to the filing of the lien. The lien, however, as in the case at bar, was filed prior to the recording of the conveyance. The court, in that case, dismissed the motion stating that “ according to subdivision 3 of section 44 of the Lien Law, ‘ All persons appearing by the records in the office of the county clerk * * * to be owners of such real property ’ are necessary parties defendant ” (Kinematics, Ltd. v. Sprayview Constr. Corp., *51 supra, p. 333). That section, however, fails to indicate, precisely, whether it refers to those who are owners of record at the time the action is commenced or at the time the notice of lien is filed or to both. But even if both classes are necessary parties, it does not automatically follow that those in the second category are so indispensable that the action cannot proceed without them. As stated in Chingos Constr. Corp. v. Carlton Props. (13 Misc 2d 577, supra): ‘ ‘ The fact that [the prior owner] consented to the improvement does not create personal liability in the absence of a contractual obligation * * * The consent of an owner of the property to the construction of an improvement will subject that property to the burden of a lien, but it does not create personal liability or contractual obligation. (Brigham v. Duany, 241 N. Y. 435.) ” Although subdivision 4 of section 44 of the Lien Law includes mortgagees as necessary parties, it was held that prior mortgagees are not (Plander Bloch v. Mussler, 27 Misc 2d 591). Noting that the failure to serve the owner of the property may diminish the value of an action to foreclose a mechanic’s lien, the court ruled that “ even as to persons who are necessary parties, it is they who have not been served who may complain, not those who have been served ” (Plander Block v. Mussler, supra, p. 592).
The notice of lien, in this case, was filed prior to the recording of the deed conveying the property to the moving defendant. The conveyance did not disturb the lien. The lien, in fact, was bonded by the moving defendants and, with respect to plaintiff’s claim against the fund provided for under the surety bond, they are the prime and only indispensable party defendants.
There may, however, be certain defenses to this action which are available only to B ridgehampton, the prior owner of the premises. Plaintiff, therefore, is directed to amend its pleadings to join Bridgehampton as a party defendant (CPLR 1001, subd. [a]). In the event said corporation is not available for process or not subject to the jurisdiction of this court, plaintiff may move for leave to continue the action without such joinder (CPLR 1001, subd. [b]). The cross motion is otherwise denied.